Desiree Peterson
Mother of Baby K
1632 Ontario Street
Fairfield CA 94533
DesireeNeverFails@gmail.com

**FILED**

MAY 1 7 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## OF
## EASTERN CALIFORNIA

| | |
|---|---|
| DESIREE PETERSON, | **Case No.: Case No.: 2:18-cv-00836-KJM-EFB** |
| Plaintiff, | |
| vs. | **PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES** |
| COUNTY OF SACRAMENTO SHERIFF; A PUBLIC ENTITY, COUNTY OF SACRAMENTO DEPARTMENT OF HEALTH AND HUMAN SERVICES; A PUBLIC ENTITY , SOLANO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES; A PUBLIC ENTITY, ROGER (ROJILIO) RODRIGUEZ; A PUBLIC EMPLOYEE, SASHA BOBRICH; A PUBLIC EMPLOYEE, SANDRA RANDOLPH; A PUBLIC EMPLOYEE, BEN WORRALL; A PUBLIC EMPLOYEE, SHERIFF SCOTT JONES; A PUBLIC EMPLOYEE,  WENDY SMITH; A PUBLIC EMPLOYEE,  ALEXIS POPE; A PUBLIC EMPLOYEE,  CLAUDIA OROZCO; A PUBLIC EMPLOYEE,  KAELA ROBINSON; A PUBLIC EMPLOYEE, JASMINKA RAINEY; A PUBLIC EMPLOYEE, JASON TASTIDES; A PUBLIC AGENT, C-DAT; A PUBLIC ENTITY  AND DOES 1 THROUGH 100 INCLUSIVE | |
| Defendant | |

# TABLE

**DEFENDANTS NAMES AND ADDRESSES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3–4

**JURISDICTIONAL DECLARATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5–6

**FIRST CAUSE OF ACTION FOR ASSAULT** . . . . . . . . . . . . . . . . . . . . . . . . 13

**SECOND CAUSE OF ACTION FALSE IMPRISONMENT** . . . . . . . . . . . . . . . . . . 16

**THIRD CAUSE OF ACTION FOR NEGLIGENCE** . . . . . . . . . . . . . . . . . . . . . . . 17

**FOURTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL**

**DISTRESS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

**FIFTH CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS** · · · · · · · · · 20

**SIXTH CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. §1985** . . . . . . . . . . 21

**SEVENTH CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. §1986** . . . . . . 26

**EIGHTH CAUSE OF ACTION FOR VIOLATION OF STATE CIVIL RIGHTS** . . 28

**NINTH CAUSE OF ACTION FOR EMOTIONAL DISTRESS** . . . . . . . . . . . . . . . . 29

**TENTH CAUSE OF ACTION FOR SLANDER** · · · · · · · · · · · · · · · · · · · · · · · · · 31

**NEGLIGENT BREACH OF DUTY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

**ELEVENTH CAUSE OF ACTION FOR NEGLIGENT BREACH OF DUTY** · · · · · 32

**TWELFTH CAUSE OF ACTION MONELL-RELATED CLAIMS** . . . . . . . . . . . . . 33

**THIRTEENTH CAUSE OF ACTION FOR 18 U.S. Code § 241. Conspiracy against rights**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

# SACRAMENTO COUNTY DEFENDANTS

**ROGER RODRIGUES** [W:] Office Building 3 (OB3) - 3701 Branch Center Road,

Sacramento 95827 M- F 8:00 am – 5:00 pm

H: 3962  Thornhill Drive, Sacramento CA 95826

**SASHA BOBRICH** W: 6015|6045 Watt Avenue, North Highlands 95660 Phase I

(6015) Monday – Friday 8:00 am – 6:00 pm Phase II (6045) Monday - Friday 8:00 am - 5:00 pm

**SASHA RANDOLPH** W: Office Building 3 (OB3) - 3701 Branch Center Road,

Sacramento 95827 M- F 8:00 am – 5:00 pm

**JASMINKA RAINEY** W: Office Building 3 (OB3) - 3701 Branch Center Road,

Sacramento 95827 M- F 8:00 am – 5:00 pm H: 9937 W Taron Drive, Elk Grove CA 95757

**BEN WORRALL**     W: 3331 Power Inn Road, Sacramento 95826 Monday – Friday

8:00 am – 5:00 pm

**SCOTT R JONES**

Civil Bureau 3341 Power Inn Road #313

Sacramento, CA 95826

916.875.2665 916.875.2664 (fax)    civil@sacsheriff.com

Internal investigation communications mailing address: PO Box 988, Sacramento

CA 95812

**DEPUTY PIETRICK** PO Box 988,

Sacramento CA 95812

**DEPUTY BRUCKER** PO Box 988,

Sacramento CA 95812

**DEPUTY DANIELS** PO Box 988,

Sacramento CA 95812

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES - 3

# SOLANO COUNTY DEFENDANTS

## Department of Health and Social Services

Solano County

Child Welfare Services Division PO Box

12000, MS 5-230 MS-13, Vallejo CA 94590

**ALEXIS POPE** W:275 Beck Avenue,

Fairfield CA 94533 2nd floor

**CLAUDIA OROZCO** W:275 Beck

Avenue, Fairfield CA 94533 2nd floor H:

2411 Hanson Drive, Fairfield CA 94533

**KAELA ROBINSON** W:275 Beck

Avenue, Fairfield CA 94533 2nd floor H:340

N Adams Dixon CA 95620

**WENDY SMITH** W:275 Beck Avenue, Fairfield CA 94533 2nd floor

**C-DAT Testing Services** 17 Tennessee St, Vallejo, CA 94590

**JASON TASTESIDES** W: 17 Tennessee St, Vallejo, CA 94590

4

**JURISDICTIONAL DECLARATION**

I, DESIREE PETERSON Plaintiff, alleges under penalty of perjury declare, and to the extent applicable, incorporates by reference heroin as if set forth in full from the common allegations listed above and below.

At all times relevant to this complaint Plaintiffs were residents of Sacramento County California. Plaintiff Parent Peterson is the BIOLOGICAL mother of minors Baby K, Child D Child L and Child A and is acting here in behalf and in addition to pro se en formus paupus.

At all times applicable here in, the Sacramento and Solano County's Department of Human Services was and is a public entity and a subdivision of defendants Sacramento and Solano County.

At all times applicable here in, the Sacramento and Solano County's Child Protective Services "CPS" was and are a subdivision or entity of Sacramento and Solano County's Department of Human Services.

At all times applicable here- in, county defendants were an officer agent and/or employee CPS

At all times applicable, plaintiffs were not officers agents or employees of CPS or defendant counties

Here and after, when referred to collectively, the defendants identified in paragraphs here-in below will be referred to as "social worker defendants"

at all times applicable here in, the Sacramento County Sheriff's Department was and is a public entity.

At all times applicable here-in, Sheriff Jones, Deputy Pietrick, Brucker, and Daniels was an officer, agent and employee of Sacramento County Sheriff's Department.

Hereinafter, when referred to collectively, the defendants identified in paragraphs here-in and after will be referred to as "Sheriff defendants".

Here-in after, when referred to collectively the defendants identified in paragraphs below will be referred to as "County defendants".

At all times applicable here in, Plaintiff Parent Peterson was a resident of County of Sacramento and Solano County, and parent of said minor children in Line 1.

Hereinafter, but when referred to collectively, the defendants identified in paragraphs below will be referred to as "defendants".

Plaintiffs are ignorant of the true names and capacities of those defendants sued herein as those 1 through 50, and for that reason have suits such defendants under fictitious names. Plaintiffs will seek leave of court to amend this complaint to identify said defendants when their identities are ascertained period planets are informed and believe, and there on allegege that each of the fictitious names defendants was in some fashion or manner liable and legally responsible for the damages and injuries set forth herein.

At all relevant times, defendants, and DOES 1 through 100 inclusive, and each of them, were the knowing agents and/or alter egos of one another, and that defendants directed ratified comment and/or approve the conduct of each of the other defendants, and each of their agents or employees, and each of their agents or employees, and are therefore vicariously liable

for the acts and omissions of their co-defendants their agents and employees, as more fully alleged herein. Moreover, all of the defendants agreed upon, approved, ratified, aided and abetted, and /or conspired to commit all of the acts and /or omissions alleged herein below and thereby cause, or were substantial factor in causing the injuries and damages alleged here in.

**VENUE AND JURISDICTION**
1) Venue in this court is proper as the injuries to the Plaintiff occurred within the City and County
of Sacramento and Solano the COUNTY DEFENDANTS regularly seek to avail themselves of the
subject jurisdiction for the purposes of obtaining additional clients and/or providing services to existing clients.
2) Subject matter in this action is properly heard in this Court, as the action incorporates an amount in controversy as set forth in this complaint exceeds $25,000.00.
3) At all times mentioned herein, California Civil Code Section 51.7, 52, and 52.1, were in full force and effect, and were binding upon Defendants.
4) Within the time provided by law, Plaintiff filed a complaint with the California Risk Management and received a right-to-sue letter in response. Plaintiff now timely files this action.

**COMMON ALLEGATIONS**

<u>**SACRAMENTO COUNTY**</u>

**12-28-2016**
**11:40 am**

Father saw police officers in the backyard peaking through the windows. Plaintiff Parent and children were not home. The police did not knock, or ring a doorbell to notify anyone of their presence. No warrant existed. Police report states "DAU LEIA" so it's clear Gus Peterson called. Report confirms food and utilities on, states personal opinion on how heat should be acquired by residence, called CPS to follow up but cleared any sewage claims they had stated verbally to father as the reason for call.

**1-20-2017**

I pulled up to my home 8931 Central Ave to have father help me re-strap the load I was en-route to dispose at Kiefer Landfill. When I parked, I was blocked by the Sheriff's vehicle, and I asked "can I help you". Sheriff asked if I was Plaintiff Parent Peterson, and I said yes. As this was occurring, father was being handcuffed at the door, outside the home. I was being asked the location of my kids, in which I told the "at my nani's home so I can do a dump run, and Leia was at school. I wasn't going to give the address of my nani's because I had done nothing wrong. While debating my rights , Rodriguez and the female officer decided to enter my home. I yelled at them " you do not have permission to enter my home, you don't have a warrant" and the officer yelled back " I don't need a warrant" . With Rodrigues and the officer looking like they were Hollywood actors playing NYPD blue, they entered my home. I was outside by my truck and father was cuffed in the police vehicle. I was threatened with everything they had. I refuted all ridiculous claims such as " uncovered smoked turkey in my refrigerator being unsanitary" with the officers to "if I don't comply they will put my kids into a receiving home." I called my mother Malinda to grab the kids instead because father was told to make me comply or they would do all these illegal things to us as punishment. I was forced to sign some blank piece of paper by Social Worker Rodrigues.

Between the dates of the 20th and 27th plea's via email demanding reasons for their actions with no answers

**Friday January 27th at 8:30 p.m.**

Served a Warrant by Rodrigues and 3 other Sheriffs

I asked Manager Sasha to clarify the 2 contradicting court submissions she signed, she had no answer. I handwrote a note Manager Sasha to tell her about my Navajo heritage I told Rodrigues about, because I'm sure the rules for American Indian rights weren't followed either and I was waiting for council.

Manager Sasha Randolph and HHS Ombudsman of Sacramento County Child Protective Services, failed to respond to the situation. She failed to replace Social Worker Rodrigues upon request and failing to respond to emails from Plaintiff Parent Peterson containing a valid complaint by the department or valid answer for her agency's conduct.

Due process of time for hearings was not exercised. Form 180JV filed, ignored, and not admitted into court.

Children have been taken without explanation and permanently damaged emotionally. Fathers have hidden and moved children from mother.

Parents Plaintiff Parent and father have suffered severe emotional distress in the absence of children causing multiple splits in their relationship.

Slander and other false statements have caused harm to all parties involved. House profits and other finances have been withheld by trusts account holders and Plaintiff Parent has been homeless because of false allegations by DHSS. Trusts account managers supporting CPS and claiming unsure of who is telling truth.

Social worker Ben Worrall failed to replace SASHA BOBRICH after problems were brought to his attention and a replacement was requested.

Parties have been harassed by Social Worker SASHA BOBRICH in which she has continually changed times at the last minute, and has no-showed to visits causing emotional distress to all parties involved. She has lied to the courts making false allegations and has repeatedly coerced conflict and retaliation when her attempts failed.

Baby K father Talbot suffered a respiratory infection without proper treatment for over a month due to the departments neglect and failure to act. Mr. Worrall failed to have Baby K cared for when her respiratory distress and infection was brought to his attention in person and via text. Baby K suffered over an additional month due to his neglect. Mr. Worrall failed to give a consistent substantial complaint against mother and father of Baby K father Talbot or successfully providing justification for the department's actions against family. First home condition only, but when solutions were offered, excuses arose. Ben failed to investigate Gus Peterson after evidence of aggression and contempt of court to hide his where-abouts was brought to his attention by Plaintiff Parent Peterson.

Sacramento Sheriff Scott Jones refused to discipline his Deputies and failed to investigate properly by refusing all allegations and ignoring evidence.

## SOLANO COUNTY COMMON ALLEGATIONS

Plaintiff Parent requested a transfer to Solano 2 months before it was initiated.

Solano County Department of Health and Human Services has harassed Plaintiff Parent Peterson by slandering her and father Talbot to father's neighbors, making false statements including that a restraining order existed that did not.

SOLANO COUNTY DHS has forced entry multiple times without cause.

SOLANO COUNTY DHS, Wendy Smith, knowingly withheld the rights of father as parent and caretaker of Baby K father Talbot, dictating and changing the orders of Sacramento. In interim of transfer, Baby K was, and still is safe and healthy with Parents and her family has suffered stress and duress due to Wendy's non-causational placement of supervised visitation and restraint of mothers care and support.

Solano County started a fictitious and unsubstantiated fraud investigation against father Talbot, even going to the extreme of hiring a private investigator. The investigator also slandered Plaintiff Parent Peterson and father Talbot to his neighbors. Plaintiff Parent Peterson has also recorded the P.I. stalking her while she checked her mail, in which he made several U-turns to harass Plaintiff Parent and talk offensively towards her.

The option to have case dismissed has not even been offered, although "non-offending" parent was given possession of Baby K. None of the other "non-offending" fathers have had to deal with DHS since the illegal seizure of Baby K and her siblings.

BABY K was given unauthorized drugs while in foster in Solano County.

Maternal Grandmother, whom is authorized by7 both counties for shelter, was not told about Baby K's removal from her Father until 5 days after the event. She was drugged and under duress when Maternal grandmother received her.

The department has placed unreasonable hardships upon Desiree, requesting she doesn't check her mail or obtain resources from fathers home. Not giving her full copies of the case file or transcripts after her request so appeal has been delayed.

Wendy Smith has requested a hair follicle test on Baby K which has continued to traumatize her and is severely intrusive and without good legal cause.

The DHS has yet to hold a solid claim against Plaintiff Parent Peterson as reason for their behavior and intrusion into her life.

Manager Alexis Pope has refused meeting personally with Plaintiff Parent Peterson multiple times and currently still will not provide any just cause for actions and demands against her.

9

1  Social Workers Kaela Robinson and Claudia Orozco have lied and threatened Plaintiff Parent
2  Peterson on multiple occasions. Solano County CPS refuses to clarify why they are holding baby
   K from Desiree. Have lied and colluded to gain progress against her and her family, and have
3  given contradicting demands that have no resolve to re-unite her family.

4  Solano County did not have jurisdiction while conducting an investigation that was used to
5  abusively obstruct BABY K's person.

6  COUNTY DEFENDANT Orozco fled to Mexico after false statements in report with omitted
   facts was given to the Juvenile Court of Solano County.
7

8  COUNTY DEFENDANT's of Solano County Department of Human Services has failed to
   provide requested paperwork and evidence that has been requested formally and informally
9  multiple times.

10 COUNTY DEFENDANT's of Solano County Department of Human Services employed a non
   medical criminal, COUNTY DEFENDANT Jason Tastesides, to conduct the intrusive hair
11 follicle test on Baby K.

12
   COUNTY DEFENDANT Jason Tastesides owner's son of COUNTY DEFENDANT C-dat, has
13 failed to produce paperwork related to hair follicle test which has been requested in person and
   via email.
14

15

16

17

18
          On or about  January 27th 2017, COUNTY DEFENDANTS AND MALINDA
19
   NEUBERT, JON NEUBERT, RODNEY LOCKWOOD, GUS PETERSON, AND DOES 1 TO
20
   100  INCLUSIVE, CONSPIRED AND COLLUDED against PLAINTIFF PETERSON as
21
   follows;
22
          1.  Malinda Neubert filed and served a fraudulent 30 day notice to Plaintiff under
23
              instruct and coercion of COUNTY DEFENDANTS.
24
          2.  Jon Neubert filed and never served fraudulent Unlawful Detainer 2 weeks
25
              later under instruct and coercion of COUNTY DEFENDANTS.
26
          3.  Rodney Lockwood filed and did not serve Ex Parte custody orders at the
27
              William R Ridgeway Courthouse located at 3341 *Power Inn* Road
28
              Sacramento, CA 95826 which carried out his threats to kidnap Plaintiffs
              daughter BABY A.

4. Signed a fraudulent "Plan of Action", stating the plan to remove all PLAINTIFF PETERSON'S children from her custody.

5. Planned and conspired to withhold resources from PLAINTIFF PETERSON'S HOME AND EQUITY through collusion, instruction, and coercion of COUNTY DEFENDANTS.

6. Colluded and conspired to withhold all familial rights from PLAINTIFF PETERSON.

On or about September 6th 2017, COUNTY DEFENDANTS, AND DOES 1 TO 100 INCLUSIVE, CONSPIRED AND COLLUDED against PLAINTIFF PETERSON as follows;

7. Stalk with intent to harass and assault, without jurisdiction

8. Emailed PLAINTIFF PETERSON, with intent to harass and assault, without jurisdiction

9. Conspired to submit fraudulent documents to the Juvenile Court with intent to Kidnap PLAINTIFF PETERSON'S youngest daughter, while in her father's full control and custody.

10. Kidnapped PLAINTIFF PETERSON'S youngest daughter while denial of due process was violated.

11. All COUNTY DEFENDANTS have continued to collude and conspire with the purpose to harass and stalk by using COUNTY resources and extensions, coercing others under the color of law.

# FIRST CAUSE OF ACTION FOR ASSAULT

(By Plaintiff's Against Sacramento County Defendants, Solano County Defendant's and DOES 1 through 100)

Plaintiff alleges, and to the extent applicable, incorporates by reference herein as if set forth in full from the common allegations listed above. Pursuant to Gov. Code § 815.2, subd. (a), a county is liable for acts and omissions of its employees under the Doctrine *of respondent superior to the same extent as the private employer.* Under Gov. Code Code § 815.2 subd. (b), the county is immune from liability if, and only if, the employee is immune. Under the Fourth Amendment to the United States Constitution minor plaintiff at all times entitled, as a matter of law, to remain free from unreasonable search a seizure, in the absence of exigent circumstances, absent a court order or warrant. Plaintiff is informed and believes and so such basis alleges that a reasonable Sheriff and/or social worker in Defendants situations would have known it was wrongful to seize and detain baby K from parents and family home without first obtaining a warrant, or court order, to do so.

In doing such, cause injury to minor Plaintiffs, or acted with a willful and conscious disregard of the rights of Plaintiffs in a despicable, vile, and contemptible manner. Therefore, Plaintiffs are entitled to an award of punitive damages against the individual defendants and municipality (as opposed to the government as a whole entity) for the purpose of punishing DEFENDANTS, in effort to deter them and others from such conduct in the future.

## COUNT ONE

(By Plaintiff against COUNTY DEFENDANTS, And DOES 1 through 100, Inclusive)

A state law battery claim is a natural counterpart to a Federal unlawful seizure claim based on Constitutional rights arising under the 4th Amendment. See for example Brown versus Ransweiler ( Cal.App.4 Dist., 2009) 171 Cal.App 4th 516, 527. Under the Fourth Amendment to the United States Constitution minor Plaintiff was at all time entitle, as a matter of law, to remain free from unreasonable search and seizure, in the absence of exigent circumstances, and without any evidence to suggest that was in imminent danger of suffering serious bodily injury at the hands of either Plaintiff Parent DEFENDANS, and each of them, did act, or caused or allowed others to make, harmful and unconsented contact with minor Plaintiffs body as she was unlawfully removed and detained by each of the individual SOCIAL WORKER DEFENDANTS participated in, conspired with, approved of, and/or aided and abetted the conduct of the remaining COUNTY DEFENDANTS.

1    At no time did minor Plaintiff or the parent Plaintiff's consent, constructively or otherwise, to such

2    contacts. Nor was any evidence to suggest that was in imminent danger of suffering serious bodily injury at the

3    hands of either Plaintiff Parent DEFENDANTS, and each of them, did make, or caused or allowed others to make,

4    harmful and unconsented contact with minor Plaintiff's body as she was unlawfully removed and detained by

5    DEFENDANTS. Plaintiffs, and each of them, are informed and believe and on such basis allege that each of the

6    individual SOCIAL WORKER DEFENDANTS participated in, conspired with, approve of, and/or aided and

7    abetted the conduct of the remaining COUNTY DEFENDANTS.

8    At no time did minor Plaintiff or the parent Plaintiff's consent, constructively or otherwise, to such

9    contacts. Nor was any warrant or court order permitting such contacts. Nor was any warrant or court order

10   permitting such contact duly obtaining.

11   As a direct and proximate result of these DEFENDANTS' actions, minor Plaintiff has suffered

12   and will continue to suffer physical, mental, and emotional injury, all to an extent and in an amount subject to proof

13   at trial.

14   The actions of DEFENDANTS, and each of them, are the legal and proximate cause of Plaintiff's),

15   to sustain the damages and injuries claimed herein associated with the removal of the minor Plaintiff from her

16   Plaintiff Parent's custody, and injuries and injuries and damages suffered subsequently thereafter, which have been

17   ongoing and continuous since the date if the Plaintiff's removal from her Plaintiff Parents through the present,

18   including without limitation severe and permanent personal, emotional and physical injuries, suffering financial

19   damage in amount presently unknown to the Plaintiff(s), which are expected to continue into the future, subject to

20   proof at trial.

21   As a direct and proximate result of the acts and omissions of the defendants, and each of them, as

22   aforesaid, plaintiff(s) have been required to hire and retain the services of medical doctors, physicians, hospitals and

23   other practitioners and will be required and will be required to do so, indefinitely in the future, for the proper care

24   and treatment of injuries in amounts are ascertained, they may be permitted to ament=d and insert the same herein

25   with appropriate allegation.

26   As a further direct and Proximate result of the acts and omissions of the defendants and each of

27   them, as aforesaid, plaintiff(s)  sustain wage laws and a future loss of earning capacity, and amounts presently and

28

1  ascertained; plaintiff(s) praise leave when said amounts are ascertained. they may be permitted to amend and

2  insert the same here in with appropriate allegations.

3  Defendant COUNTY is vicariously responsible for the conduct of defendants, and doze 1 through

4  100, inclusive, under government code section 815.2(a) and applicable other statutory and case law.

5  And engaging in foregoing conduct, DEFENDANTS and each of them, acted with malice and

6  with the intent to cause injury to minor plaintiff, or acted with a willful and conscious disregard of the rights of

7  plaintiff and despicable vile and contemptible manner. Therefore, plaintiff is entitled to an award of punitive

8  damages for the purpose of punishing DEFENDANTS, and to deter them and others from such conduct in the

9  future, in an amount according to proof at trial.

10

11  COUNT TWO

12  (By plaintiffs against County defendants and those 1 through 100, inclusive)

13

14  Plaintiff re-alleges, And to the extent applicable, incorporates by reference herein as if set forth in

15  full, all paragraphs from the comment allegations above those contained in the first cause of action above, and those

16  contained in count one of the Second Cause of Action Detailed above. Pursuant to California code of civil

17  procedure section 376, the parents of a minor child may maintain action for damages which they have sustained

18  arising from an injury to their child caused by the wrongful act or neglect of another. At no time did minor plaintiff

19  plaintiff's consent, constructively or otherwise. she's such contacts. nor was any warrant or court order permitting

20  such contact duly obtained. As a direct and proximate result of these COUNTY DEFENDANTS' actions, plaintiffs

21  have suffered and will continue to suffer damages all to an extent and in an amount subject to prove at trial.

22  The actions of dependence, and each of them, are the legal and proximate caused a plaintiff, to

23  sustain the damages and injuries claim. Associated with the removal of the minor plaintiff from her plaintiff parents

24  custody, and injuries and damages suffered subsequently thereafter, which have been ongoing and continuous

25  emotional and physical injuries, suffering Financial Damage and amounts presently unknown she is a plaintiff(s),

26  Which are expected to continue into the future, subject to proof at trial. As a direct and proximate result of the acts

27  and omissions of the defendants, and each of them, as aforesaid, Plaintiff(s) have been required to hire and retain the

28  services of medical doctors, Physicians, hospitals and other practitioners and will be required to do so and definitely

1   in the future, for the proper care and treatment of injuries in the amounts presently unascertained; plaintiff(s) prays

2   leave when said amounts are ascertained, they may be permitted to amend a and insert the same here in with

3   appropriate allegations.

4            As a further Direct and proximate result of the acts and omissions of the defendants and each of

5   them, as aforesaid, plaintiff(s) sustain weight loss and a future loss of earning capacity, an amount presently and

6   ascertained, they may be permitted to amend insert the same here in with appropriate allegations. And doing the

7   things alleged herein above, DEFENDANTS and each of them, acted with malice and with the intent to cause injury

8   to minor plaintiff, or acted with a will full and conscious disregard of the rights of plaintiff in a despicable and

9   contemptible manner. Therefore, plaintiffs are entitled to an award of punitive damages for the purpose of punishing

10  to the plaintiff(s), which are expected to continue into the future, subject to proof at trial.

11           As a direct and proximate result of the acts and omissions of the defendants and each of them, and

12  aforesaid, plaintiff(s) Have been required to hire and retain the services of medical doctors, Physicians, hospitals,

13  and other practitioners and will be required to do so, and definitely in the future, for the proper care and treatment of

14  injuries in amounts presently unascertained, they may be permitted to amend and insert the same with appropriate

15  allegations.

16           As a further direct and proximate result of the axe and omissions of the defendants and each of

17  them, as aforesaid , Plaintiff(s) sustained weight loss and a future loss of earning capacity, end amounts presently

18  and unascertained; plaintiff(s) prays Leave when set amounts are ascertained they may be permitted to amend and

19  insert the same herein who is appropriate allegations.

20           DEFENDANTS COUNTY and its entities, and each of them named herein, are vicariously

21  responsible for the conduct of each of the remaining defendants, and DOES 1 through 100 inclusive, Under

22  government code section 815.2(a) and Welfare and institutions code §1600 0.1, Scott versus County of Los

23  Angeles, (1994) 27 Cal.App.4th 125, And other applicable statutory and case law.

24           DEFENDANTS, and each of them, acted with malice and with the intent to cause injury to minor

25  places or acted with a willful and conscious disregard of the right of the plaintiff in a Despicable, Vile , and

26  contemptible manner by removing the child and attaining said child from her parents without a legal or factual cause

27  to do so and retaliation for the parent plaintiff insistent that their child be maintained in a safe environment the void

28  of the illness to which she had suffered . Therefore, plaintiffs are in title to an award of punitive damages for the

1  purpose of punishing DEFENDANTS, and each of them, and to deter them and others from such conduct in the

2  future as according to proof at trial.

4  ## SECOND CAUSE OF ACTION FALSE IMPRISONMENT

5  (By plaintiff against County defendants and Joe's 1 through 100 inclusive)

7  Plaintiff re-alleges, and to the extent applicable, incorporates by reference herein as if set forth and

8  full, all paragraphs from the Common Allegations above, and the First cause of Action.Gov. code§ 820.4,

9  specifically denies immunity and imparts liability upon a Public employee for a claim of false imprisonment.

10 In the absence exigent circumstances, and without any evidence to suggest that baby K was in imminent danger of

11 suffering serious bodily injury at the hands of either Plaintiff Parent, COUNTY DEFENDANTS, each of them,

12 wrongfully removed and detained minor plaintiff. Each the individual SOCIAL WORKER DEFENDANTS

13 Participated in, conspired with, approved of, and/or aided and abetted the conduct of remaining COUNTY

14 DEFENDANTS.

15 DEFENDANTS, And each of them, intentionally deprived minor plaintiff K of her freedom of

16 movement by the use of physical barriers, fraud, menace, deceit, And unreasonable duress , Without evidence of any

17 imminent danger of serious physical injury at the hands of his parents, without court order, and without just or

18 reasonable cause. In order to perpetuate and continue the unlawful detention of K, defendant fabricated evidence,

19 suppressed exculpatory evidence, and committed perjury to hide the truth that's their by depriving K of her personal

20 and civil liberties. At no time did minor plaintiff K consent, constructively or otherwise, to such deprivation and

21 detainment, nor was legal consent obtained by law, by court order, or from minor plaintiff's parents.

22 As a direct and proximate result of these DEFENDANTS' actions, minor plaintiff K has suffered,

23 and will continue to suffer permanent physical mental and emotional injury all to an extent in an amount subject to

24 proof at trial. The actions of DEFENDANTS, and each of them, Are the legal and proximate cause of plaintiff's), To

25 sustain the damages and injuries claimed herein associated with the removal of the minor plaintiff from her plaintiff

26 parents' custody, and injuries and damages suffered subsequently thereafter, which have been ongoing and

27 continuous since the date of mine are plaintiffs removal from her plaintiff parents through the present, including

28

without limitation severe and permanent personal, emotional and physical injuries, suffering Financial damage and amounts presently unknown to the plaintiff(s), which are expected to continue in the future, subject the proof at trial.

As a direct and proximate Results of the acts and omissions of the defendants, and each of them, as aforesaid, plaintiff(s) sustained wage loss and a future loss of earning capacity, in amounts presently unascertained; plaintiff(s) prays Leave when set amounts are ascertained ,They may be permitted to amend and insert the same herein with appropriate allegations.

As a further direct and proximate result of the acts and omissions of the defendants and each of them, as aforesaid, sustained weight loss and future loss of earning capacity, in amounts presently and ascertained Plaintiff(s), prays leave when said amounts are ascertained; plaintiff(s) They may be permitted to amend and insert the same herein with appropriate allegations.And doing the things alleged herein above, DEFENDANTS And each of them, acted with malice and with the intent to cause injury to minor plaintiff Baby K, or acted with willful and conscious disregard of the rights of the plainest in a Despicable, vial, and contemptible manner. Therefore, plaintiff is entitled to an award of punitive damages for purposes of punishing DEFENDANTS and preventing others from such conduct in the future, as according to proof at trial.

## THIRD CAUSE OF ACTION FOR NEGLIGENCE

*(By Plaintiff(s) Against Counties and DOES 1 through 100 Inclusive)*

Plaintiff re-alleges, and to the extent applicable, by reference herein as set forth in full, all paragraphs from the common allegations above.

COUNT ONE

*(By Plaintiff(s) Against Counties and DOES 1 through 100 Inclusive)*

The acts and omissions complained of herein occurred and the delivery of public social services (Welf. & Inst. Code, §10051) and child welfare services (Welf. & Inst. Code, §10051), Which are separate and distinct from the quasi prosecutorial functions entitled two immunity under Gov. Code § 821.6.Welf. & Inst. Code, §16500 and §16501, Require the county to establish regulations foster placement and supervision, and said regulations have been established by the county pursuant to those statues best, said regulations have the force of law.

1   Latest are informed and believe and on such bases allege that defendants conduct, which is

2   targeted by this case, was prescribed and restrained by, but not limited to, the following mandatory statutory

3   duties:To care for and protect any child that COUNTY DEFENDANTS has placed into foster care to ensure that the

4   authority to remove a child existed prior to the actual removal. Each the statutes and regulations identified in the

5   immediately preceding paragraph above, prescribe mandatory statutory duties pursuant to Welfare and Institutions

6   Code §16000.1.

7   After the wrongful removal and detainment, the minor Plaintiff's care completely and solely in the

8   control of the COUNTY DEFENDANTS, a special relationship existed between the COUNTY DEFENDANTS

9   and the minor plaintiff. Aside from extant Statutory duties of social workers in this context and even greater degree

10  of care is generally owed to children. This heightened duty is codified in welfare and institutions code § 16000.1.

11  DEFENDANTS negligently placed Baby K under the care of maternal grandparents who were in

12  disagreement with the defendant during this time. Plaintiff notified social workers and maternal grandmother of

13  baby K's Medical ailment which was continued to be ignored and untreated. Plaintiffs withheld baby K as a

14  punishment against the plaintiff. Plaintiff is informed and believes that the defendants withheld Medical Care as a

15  punishment and generally cause this abuse to her person while she was in maternal grandmother's care. As a result,

16  Baby K suffered extreme emotional and physical injury while in the care of the defendant(s).

17  But for the SOCIAL WORKER DEFENDANT'S' Negligent failing as detailed above, baby K

18  Would not have been injured or otherwise suffered harm at the hands of maternal grandmother. As such, see social

19  worker defendants fail to protect minor plaintiff Baby K while she was in the place care, all in direct violation of the

20  Mandate of welfare and institutions code §16000.1.

21  In addition, plaintiff is informed and believes that social worker defendants' failed to properly

22  investigate the qualifications of the defendants and/ or new or had reason to know that minor plaintiff Baby K might

23  be endangered while under care of the maternal grandparents. The social worker descendants, failure to protect

24  minor plaintiff Baby K while in their care was a substantial factor in the permanent physical, mental, and emotional

25  injuries that minor princess suffered, and will continue to suffer, to an extent and in an amount subject.

26  The actions of descendants, and each of them, are the legal and proximate cause of plaintiff's), to

27  sustain the damages and injuries claimed. Associated with the removal of minor plaintiff Baby K from her please his

28  parents custody and injuries and damages suffered there after of the minor plane cyst removal from her plaintiff

1   parents through the present, including without limitation severe and permanent personal, emotional and physical

2   injuries, suffering financial damage in the amounts presently unknown to the plaintiff, which are expected to

3   continue into the future, subject to proof at trial.

4           As a direct and proximate result of the negligence and carelessness of the defendants, and each of

5   them, as  aforesaid, plaintiff(s)  will be required to hire medical doctors, Physicians, hospitals and other

6   practitioners indefinitely in the future, for the proper care and treatment of injuries in amounts presently and

7   unascertained;  prays leave when set amounts are ascertained, they may be permitted to amend and insert the same

8   herein with appropriate allegations.

9           As a further direct and proximate result the negligence and carelessness at the defendants and

10  each of them, as aforesaid, plaintiff sustained wage loss and a future loss of earning capacity, and amounts presently

11  and ascertained; plaintiff prays leave when set amounts are ascertained, they may be permitted to amend and insert

12  the same herein with appropriate allegations.

13          DEFENDANT COUNTIES And it's entities are  viciously responsible for the contact of the

14  SOCIAL WORKER DEFENDANTS  and DOES  1 through 100, inclusive, under Government Code Section 815 .2

15  and applicable other statutory and case law.

16

17  **FOURTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF**

18  **EMOTIONAL DISTRESS**

19          *(By all Plaintiffs Against COUNTIES and DOES 1 through 100 Inclusive)*

20

21          *Plaintiff religious, and to the extent applicable, incorporates by reference* herein As if set forth

22  and full, all paragraphs from the common allegations above, and the first through fourth causes of action. Social

23  worker defendants, declined throughout the removal and detention process, including but not limited to her

24  mistreatment in care.

25          As a direct result and proximate cause of the conduct of the defendants, and each of them,

26  plaintiffs have suffered damages to an extent of cording to prevent child.

27          As a direct and proximate cause of the conduct of the defendant, and each of them minor plaintiff

28  Baby K has suffered and will continue to suffer Damages permanent physical mental and emotional injury to an

1   extent and ascertained and subject to proof a child. The actions of the defendants, and each of them, are in the legal

2   and proximate cause of plaintiff's), to sustain damages and injuries claim herein associated with the remove all of

3   the minor plaintiff from her plaintiff parent custody, and injuries and damages suffered subsequently thereafter,

4   which have been ongoing and continuous since the date of minor plaintiff maybe case removal from her plaintiff

5   parents through the presents, including without limitation severe and permanent personal, emotional and physical

6   injuries, suffering Financial damage in the Amount presently unknown to the plaintiff, which are expected to

7   continue into the future, subject to proof at trial. As a direct and proximate result of the negligence and carelessness

8   of the defendants and each of them, aforesaid, plaintiff(s) have been required to hire and retain the services of

9   medical doctors, Physicians, hospitals and other practitioners and will be required to do so indefinitely in the future

10   for the proper care and treatment of injuries end amounts presently and unascertained; Plaintiff(s) prays  leave when

11   said  amounts are a  ascertained;  plaintiff(s) prays leave when set amounts are ascertained, they may be permitted to

12   amend and insert the same herein with appropriate allegations.

13         As a further direct and proximate results of the negligence and carelessness of the defendants and

14   each of them, as aforesaid,  plaintiff(s) prays  leave when said amounts are and ascertained, they may be permitted to

15   amend and insert the same herein appropriate allegations.

## FIFTH CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS

*( By All Plaintiffs) Against Counties and DOES 1 through 100 Inclusive)*

Plaintiff re-alleges, and to the extent applicable, incorporates by reference herein  as if set forth in full,  all paragraphs from the common allegations above, and the  causes of action above.

### COUNT ONE

*( By All Plaintiffs) Against Counties and DOES 1 through 100 Inclusive (UNLAWFUL SEIZURE)*

Under the circumstances of this case, outlined above, minor plaintiff maybe k had the right to be free from unreasonable seizure under the Fourth Amendment of the Constitution of the United States, which right is "clearly established" Such that a reasonable Sheriff and social worker in dependence situation would know it is

1  wrong to interfere in a child's right to remain with her parents in the absence of extension circumstances. and that

2  such right may not be impinged  Upon without first obtaining a warrant or other court order to do so. In the absence

3  of extension circumstances, and without any evidence to suggest that Baby K was in imminent danger of suffering

4  serious bodily injury at the hands of either plaintiff parents on and continuing thereafter,  defendants  and each of

5  them acting under color of law, agreed and/ or conspired to unlawfully seize and detain minor plaintiff Baby K from

6  the care of her parents. COUNTY DEFENDANT'S'   conduct was without proper justification or authority, and

7  without probable cause, consent, Exigency Or court order. ( see, Mabe versus County of San Bernardino ( 2001)

8  237 F.3d 1101). Further, County defendant actions were taken with deliberate interference of plaintiffs Rights.

9           Defendants and each of them conspire to violate the civil rights of the plaintiff including those

10  rights found in the Fourth Amendment of the United States Constitution by, but not limited to, aiding and abetting

11  each other in an unlawful seizure and removal of minor plaintiff Baby K without consent or a warrant probable

12  cause, extingent circumstances, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth

13  Amendment, as well as those rights under applicable California law rising to the level of constitutionally  protected

14  right. DEFENDANTS  acted with a common objective; to wit to unlawfully  remove Baby K from her parents for

15  no reason other than 2 effect and attitude adjustment on her parents, this with persistent and unlawful purpose.

16           As a direct and proximate result of the DEFENDANTS' Actions, minor plaintiff Baby K  will

17  continue to suffer permanent  physical mental and emotional injury That has directly resulted in plaintiffs will incur

18  fees. cost and expenses related to attorneys expenses , and will incur, fees costs and expenses  including those

19  authorized by 42 U.S.C. Section  1988, to an extent and in the amount subject to  proof at trial.

20           As a direct and proximate result of these DEFENDANTS' actions, minor plaintiff And will

21  continue to suffer permanent physical mental and emotional injury, all to the extent and then amount subject to proof

22  a trial.

23           The actions of defendants, and each of them, are the legal and proximate cause of plaintiff's), just

24  a stain the damages and injuries claimed herein associated with the removal of the minor plaintiff from her plaintiff

25  parents custody. and injuries and damages suffered subsequently thereafter, which have been ongoing and

26  continuous since the day of minor plaintiff's removal from her plaintiff parents through the present, including

27  without limitation severe and permanent personal, emotional and physical injuries, suffering Financial damage in the

28

1   amounts presently unknown to the plaintiff(s), which are expected to continue into the future, subject to proof at

2   trial.

3           As a direct and proximate results of these acts and omissions of the defendants, and each of them,

4   plaintiff(s)  have been required to hire and retain the services of medical doctors, Physicians, hospitals and other

5   practitioners and will be required to do so, indefinitely in the future, for the proper care and treatment of injuries in

6   the amount unascertained; plaintiff(s) prays leave when said amounts are ascertained; plaintiff(s) may be permitted

7   to amend and insert the same herein with appropriate allegations.

8           As a further direct and proximate result of the acts  and omissions of The Descendants and each of

9   them,  as aforesaid, plaintiff(s) sustained wage loss and a future loss of earning capacity in the amounts presently

10   unascertained, they may be permitted to amend and insert the same herein with appropriate allegations.

11

12           COUNT TWO

13           *(Familial Association  By All Plaintiffs Against Counties and DOES 1 through 100 Inclusive)*

14   Plaintiff's are informed and believe and thereon allege that the right to familial Association guaranteed under the

15   Fourteenth Amendment is" clearly established" such that a reasonable share and or social worker and defendants

16   situation would know it is unlawful to remove a child from the care, custody, and control of its parents or two

17   question, Trenton, examine, or search a child in the absence of exigent circumstances  without first obtaining a

18   warrant to do so. In addition, there is a clearly established due process right not to be subjected to false accusations

19   on the basis of false evidence that was deliberately fabricated by the government such that a reasonable social

20   worker and or sheriff in these defendants situation would know it is unlawful to lie, fabricate evidence, and suppress

21   exculpatory evidence.

22           Commencing on March 6th 2008, and continuing thereafter, defendants, and each of them,

23   we're acting under color of state law when they agreed, and or conspire to unlawfully remove, detain, question,

24   threaten, examine, investigate, search, and or falsely report regarding plaintiff and each of them. Defendants did so

25   without proper justification or authority, and without probable cause, extension see, or court order. ( see Mabe

26   versus County of San Bernardino 2001 237 f.3d 1 1 0 1) Further, descendants' actions were taken with deliberate

27   indifference to plaintiff's rights.

28

1       Defendants, and each of them, maliciously conspire to violate the civil rights of the plaintiff,

2   including violation of the plaintiff's rights found in the 14th Amendment of the United States Constitution, by, but

3   not limited to, removing, detaining, and continuing to 2 Chain, plaintiff Baby K from the care, custody, and control

4   of her parents without proper or just cause and or authority; by subjecting minor plaintiff baby K to physical

5   examinations without consent, Authority, or the presence of her parents; by the use of coercion and to rest to obtain

6   evidence and testimony; and by maliciously falsifying evidence, and presenting fabricated evidence to the court, and

7   maliciously refusing to provide exculpatory evidence dependency proceeding and violation of government code

8   §820.21, and violating the constitutional rights of the plaintiffs.

9       By these actions, defendants, and each of them, interfered and or attempted to interfere with

10   plaintiff's constitutional rights to familial Association, and rights to be free of charges based on false evidence, both

11   such rights arising under the Fourteenth Amendment, as well as those rights under applicable California law rising

12   to the level of a constitutionally protected right.

13       As the direct and proximate result of these defendants actions, plaintiffs have suffered, and will

14   continue to suffer permanent physical, mental, and emotional injury, I'll to an extent and in an amount subject to

15   proof at trial. Expenses have also incurred and will continue to incur, attorneys fees cost and expenses, including

16   those authorized by 42 U.S.C. Section 1988, to an extent and in an amount subject to proof at trial.

17       These actions of these defendants, and each of them, are the legal and proximate cause of

18   plaintiff's), just staying the damages and injuries claimed herein associated with the removal of minor plaintiff Baby

19   K from her plaintiff parents custody, and damages suffered subsequently thereafter, which have been ongoing and

20   continuous since the day of the minor planets removal from her parents through the present, including without

21   limitation severe and permanent personal emotional and physical injuries separating Financial damage and amounts

22   presently unknown to the plaintiffs, which are expected to continue into the future subject to proof at trial.

23       As a direct and proximate result of the acts and omissions of the defendants, and each of them,

24   as aforesaid, plaintiff(s) have been required see you hire and retain the services of medical doctors, Physicians,

25   hospitals and other practitioners and will be required to do so, and definitely in the future, for the proper care and

26   treatment of injuries in the amounts presently unascertained; Plaintiffs prays leave when said amounts are

27   ascertained, they may be permitted to amend and insert the same herein with appropriate allegations.

28

1    As a further direct and proximate result of the acts and omissions of the defendants and each of

2    them, as aforesaid, plaintiff(s) prays leave said amounts are ascertained; Plaintiff(s) prays leave when set amounts

3    are ascertained, they may be permitted to amend and insert the same herein with appropriate allegations.

4    On information and belief, defendants, and each of them, acted with malice and with the intent

5    to cause injury to plaintiff's and each of them or acted with a willful and conscious disregard of the rights of

6    plaintiffs and a despicable, vile and contemptible manner. Therefore, Latest are entitled to an award of punitive

7    damages only against the individual defendants as opposed to the agency or municipality for the purpose of

8    punishing defendants, and to deter them and others from such conduct in the future.

9

10    ## SIXTH CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. §1985

11    *( By All Plaintiffs) Against Counties and DOES 1 through 100 Inclusive)*

12    Plaintiff re-alleges, and to the extent applicable, incorporates by reference herein as if set forth in full, all

13    paragraphs from the common allegations above, and the first through fifth causes of action above.

14    Defendants, and each of them, acting under color of law, conspired to deprive and did deprive

15    plaintiffs of their rights under the laws of the United States.

16    Specifically, defendants conspired to, and did: unlawfully seized and remove the minor plaintiff

17    from the care of her parents without a warrant court order consent probable cause or exigent circumstances;

18    unlawfully cease and remove the minor plaintiff, Baby K, from the care of her parents based on information and

19    belief denied plaintiff's there right to a hearing on said detention within 72 hours of the removal and continue to

20    detain minor plaintiff for an unreasonable period after any alleged basis for detention had been negated.

21    In addition defendants, and each of them, conspire to use trickery, duress and fabrication and/ or

22    false testimony or evidence, failed to disclose exculpatory evidence in/and with preparing and presenting reports and

23    court documents to the court. The conduct of defendants and each of them, Interfered with plaintiff's right, including

24    minor plaintiff right to be protected against unlawful seizure under the Fourth Amendment of the Constitution of the

25    United States, and the right to familial Association free from government interference as guaranteed by the

26    Fourteenth Amendment of the Constitution of the United States.

27

28

1    DEFENDANTS, and each of them, engaged and said conspiracies for the purpose of depriving 9

2  tips of equal protection of the laws of the State of California and the United States, and depriving them of their

3  rights under the Constitution of the United States and the state of California.

4    County defendants, and each of them, took several acts in furtherance of the conspiracy, including

5  but not limited to: unlawfully removing and detaining minor plaintiff Baby K from the care of her parents without a

6  warrant, or order, consent, probable cause, or exigent circumstances; for an unreasonable. After any alleged basis for

7  detention had been negated; and by procuring false testimony, fabricating evidence, and failing to disclose

8  exculpatory evidence in preparing and presenting a dependency proceeding.

9    Plaintiffs, did in fact, suffer the deprivation of numerous rights granted to citizens of the United

10  States, including those under the Fourteenth Amendment that protect against unreasonable seizure, and those under

11  the due process clause of the Fourteenth Amendment, which has been interpreted and protect the fundamental liberty

12  interests in familial relations.

13    As the direct and proximate result of the defendants, actions, plaintiffs have Shepherd and will

14  continue to suffer permanent physical, mental, and emotional injury, in an extent and in an amount subject to proof a

15  trial. Plaintiffs have also incurred, and will continue to incur, fees cost and expenses including those authorized by

16  42 USC section 1988 to an extent and in an amount subject to proof at trial.

17    The actions of defendants, and each of them are the legal and proximate cause of plaintiff's to

18  sustain the damages and injuries claims hearing associated with the removal of minor plaintiff Baby K from her

19   plaintiff parents through the present, including without limitation severe and permanent personal emotional and

20  physical injuries, suffering Financial damage and amounts presently unknown to the plaintiff, which are expected to

21  continue into the future, subject to  proof at trial.

22    As a direct and proximate result of the acts and omissions of the defendants, and each of them, as

23   aforesaid, plaintiffs sustained wage loss and future loss of earning capacity, it amounts presently unascertained;

24  plaintiff's prays leave when  said amounts are ascertained. They may be permitted to amend and insert the same here

25  in with appropriate allegations.

26    And doing the things alleged herein above, defendants, and each of them, acted with malice and

27  with the intent to cause injury to minor plaintiff Baby K, or acted with a willful and conscious disregard of the rights

28  of plaintiffs in a Despicable, vile, and contemptible manor.  therefore , plaintiff's are in title to an award of punitive

1  damages for the purpose of punishing defendants, and to deter them and others from such conduct in the future, as

2  according to prove it trial.

3

4  ## SEVENTH CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. §1986

5  *( By All Plaintiffs) Against Counties and DOES 1 through 100 Inclusive)*

6

7  Plaintiff realleges, and to the extent applicable, incorporated by reference herein as if set forth in

8  full, all paragraphs from the common allegations above, and the first through causes of action above.

9  Defendants, and each of them maintained, and at all times relevant to this complaint

10  maintained, customs and practices which were the driving force behind their conspiracy to interfere with plaintiff's

11  civil rights in violation of 42U.S.C. Section 1985, I have alleged above. Such customs and practices include

12  unreasonable seizures in violation of the Fourth Amendment of the US Constitution; unlawful removal and

13  Detention of minor children; denial of the right to a hearing on said detention within 72 hours of removal; continued

14  detention after any alleged basis for detention has been negated; and the procuring a false testimony, fabrication of

15  evidence, and refusal to disclose exculpatory  evidence and preparing and presenting reports and documents to the

16  court in relation to dependency proceedings, all in violation of the right to familial Association under the due

17  process clause of the Fourteenth Amendment.

18  Defendants, and each of them, having at all times relevant to this complaint had, knowledge of the

19  customs and practices that led to the conspiracy to interfere with the plaintiff civil rights. All defendants, and DOES

20  1 through 100 inclusive, knew that the other individual defendants were conspiring to commit the wrongs noted

21  above, and we're going to commit them.

22  Despite their knowledge, defendants, and each of them refused or neglected to prevent the

23  remaining defendants from committing these wrongs in violation of 42 U.S.C. Section 1985. plaintiff did in fact

24  suffer the deprivation of numerous rights granted to citizens of the United States, including those under the

25  Fourteenth Amendment that protects against the unlawful seizure of one's person, and those under 14th Amendment

26  that protect the right of familial Association Under due process clause of the Fourteenth Amendment.

27  defendants and each of them, have end at all times relevant to this complaint had, knowledge of

28  the customs and practices that led to the conspiracy to interfere with plaintiff civil rights. All descendants, and

1   DOES 1 through 100 inclusive, new that the other individual defendants were conspiring to commit the wrongs

2   noted above and were going to commit them.

3          Defendants and each of them, had the power to prevent the commission of these wrongs,

4   through the notification of the proper superiors and authorities, and or through the implementation of policies and

5   procedures and training programs that would educate and Enlighten employees as to the civil rights of the citizens of

6   the United States and the state of California.

7          Despite their knowledge, defendants and each of them, refused or neglected to prevent the

8   remaining defendants from committing these wrong in violation of 42 U. S. C. section 1985. plaintiffs did in fact

9   suffer the deprivation of numerous rights granted to citizens of the United States, including those under the

10   Fourteenth Amendment that protect against the unlawful seizure of one person and those under the Fourteenth

11   Amendment that protects the right to familial Association. Plaintiff's injuries were the direct and proximate result of

12   the actions of the defendants which the remaining defendants, and each of them, could have through reasonable

13   diligence prevented.

14          As the direct and proximate result of these defendants' actions, plaintiffs have and will continue

15   to suffer permanent physical mental and emotional injury, all to an extent and in an amount subject to proof at trial.

16   Plaintiffs have also incurred and will continue to aquire these costs and expenses, including those authorized by 42

17   U. S. C. Section 8, to the extent in an amount subject to proof at trial.

18          The actions of defendants, and each of them, are the legal and proximate cause of plaintiff's, to

19   sustain the damages and injuries claimed herein associated with the removal of the minor plaintiff baby K from her

20   plaintiff parents custody, and injuries and damages suffered subsequently thereafter, which have been ongoing and

21   continuous since the dates of the minor plaintiff's removal from her parents through the present, including without

22   limitation severe and permanent personal emotional and physical injuries, suffering Financial damage and amounts

23   presently and known to the plaintiffs, which are expected to continue into the future subject to prove that trial.

24          As a direct and proximate result are the acts and omissions of the defendants And each of them,

25   plaintiffs have been required to hire and retain the services of medical doctors Physicians hospitals and other

26   practitioners and will be required to do so indefinitely and the future for the proper care and treatment of injuries in

27   amounts presently unascertained; Plaintiffs prays leave When said amounts are ascertained, they may be permitted

28   to amend and insert the same herein with appropriate allegations.

In doing the things herein above, defendants and each of them acted With malice and with the intent to cause injury to minor plaintiff Baby K or acted with willful and conscious disregard of the rights of plaintiffs and a Despicable vile and contemptible manner. Therefore, plaintiffs are entitled to an award of punitive damages for the purpose of punishing defendants, and to deter them and others from such conduct in the future as according to prove it trial.

## EIGHTH CAUSE OF ACTION FOR VIOLATION OF STATE CIVIL RIGHTS

*(By All Plaintiffs Against All Defendants and DOES 1 through 100 Inclusive)*

Plaintiff religious, and to the extent applicable, incorporates by reference herein, as if Sutton pool, all paragraphs from the comment allegations above and the 1st through seventh causes of action above.

Pursuant to Government code § 815 .2 subd. (b), The county is immune from liability if, and only if, the employee is immune. Defendants and each of them, or individuals who were acting under color of state law and doing the things alleged herein above. Each Of the individual defendants and those 1 through 50 inclusive maliciously participated in, maliciously conspired with, approved of, and or aided and abetted the conduct of the remaining defendants.

As a result of defendants conduct, defendants, and each of them, by the use of threats intimidation and coercion, or attempts to threaten intimidate or careers, interfered with the plaintiff exercise and enjoyment of the right secured by the United States Constitution and other federal laws, Constitution and laws of the State of California, and their rights under California law, including but not limited to California civil code section 43, 49, 51, 52 (the Unruh Civil Rights Act), and 52.1.

As to All County defendants such conduct includes, but is not limited to; the wrongful seizure of Baby K in violation of the Fourth Amendment of the US Constitution; the unlawful remove align Detention of plaintiff the baby k, the continued Detention of plaintiff Baby K after any alleged basis for detention has been negated; and the nurturing of false testimony, fabrication of evidence, and refusal to disclose exculpatory evidence in preparing and presenting reports and documents to the court in relation to dependency proceedings, all in violation of the right to familial Association under the due process clause of the Fourteenth Amendment.

1    As to all district defendants, such conduct includes the refusal to provide reasonable

2    accommodations for Baby K conditions, invasion of privacy, publication of private facts to the other members of

3    family and Neighbors and those standing in opposition for other conflict associated with custody of baby K's

4    siblings.

5    Defendant government bodies are vicariously responsible for the conduct of their respective

6    employees and DOES 1 through 100 Inclusive, under California government code section 815.2, and other

7    applicable statutory and case law. As a direct and proximate result of the defendant's actions, plaintiffs have suffered

8    and will continue to suffer physical mental and emotional injury, all to an extent and in an amount subject to proof at

9    trial.

10    The actions of the defendants, and each of them, are the legal and proximate cause of plaintiff's to

11    sustain the damages and injuries claims hearing associated with the removal of the minor plaintiff from her plaintiff

12    parents Custody, and injuries and damages suffered subsequently.

13    As a further directed proximate result of the negligence and carelessness of the defendant and

14    each of them, after said plaintiff sustained weight loss and future loss of earning capacity and amount presently

15    unascertained plaintiff prays leave when set amounts are ascertained, they may be permitted to amend and insert the

16    same here in with appropriate allegations.

17    Defendant County and its entities are viciously responsible for the conduct of the social worker

18    defendants DOES 1 through 100 inclusive, under government code section 815.2 and applicable other statutory and

19    case law.

20

21    **NINTH CAUSE OF ACTION FOR EMOTIONAL DISTRESS**

22    *( By All Plaintiffs) Against Counties and DOES 1 through 100 Inclusive)*

23

24    Plaintiff religious, and to the extent applicable, incorporates by reference herein as if set forth in

25    full, all paragraphs from the common allegations above, and the first through causes of action.

26    Defendants and DOES 1 through 100, and each of them, engaged in the above-mentioned extreme,

27    outrageous unlawful and unprivileged conduct including but not limited to removing and detaining minor plaintiff

28    Baby K from the love and care of Father and Mother plaintiffs, and without court order or exigent circumstances;

1  continuing to detain plane to Baby K for an unreasonable after any alleged basis for detention had been negated;

2  perjured testimony and fabricated evidence to support their false and malicious allegations that minor plaintiff Baby

3  K was being neglected and or abused by her parents; failing to disclose exculpatory evidence; questioning and

4  obtaining testimony from plaintiffs through the use of undue influence coercion and duress; and continuing to harass

5  annoy and lie to the plaintiffs, and otherwise interfere with plaintiff's lives.

6         Each of the individual defendants, and DOES 1 through 100, participated in, conspired with,

7  approved of, and aided and abetted the contents of the remaining defendants.

8         Descendants, and each of them, intended to cause harm to plaintiffs, or acted with a reckless

9  disregard of the possibility that plaintiffs what suffer extreme emotional distress as a result of the conduct listed

10 above.

11        As a direct and proximate result of the County's defendants extreme and outrageous conduct,

12 plaintiff suffered extreme emotional and physical distress including, but not limited to, frite, nervousness, sleepiness,

13 anxiety, worry, mortification shock, humiliation and loss of dignity to an extent and in an amount subject to proof at

14 trial.

15        The actions of the defendants, and each of them, are the legal in proximate cause of the plaintiff,

16 to sustain the damages and injuries sustained associated with the removal of minor plaintiff from her point of

17 parents, and injuries and damages suffered subsequently which have been ongoing and continuous since the date of

18 the minor plaintiffs removal from her parents through the present, including without limitation severe and permanent

19 personal emotional and physical injuries separating Financial damage and amounts presently unknown to the

20 plaintiffs, which are expected to continue to the Future subject to proof at trial.

21        As a direct and proximate result of the axon emissions of the defendants, and each of them, as

22 ever said, plaintiff have been required to hire and retain the services of medical doctors Physicians hospitals and

23 other practitioners and will be required to do so and definitely in the future, for the proper care and treatment of

24 injuries and amounts of presently and ascertained; plaintiff  prays leave when said amounts are ascertained;  they

25 may be permitted to amend and insert the same here in with appropriate allegations.

26        As a result of the defendants in each of them, aforesaid, plaintiff sustain weight loss in the future

27 lost everything capacity and amount presently and ascertained, prays leave when set amounts are ascertained, they

28 may be permitted to Amanda insert same here in with appropriate allegations.

1              Plaintiffs are informed and believe that defendants and knows 1 through 100 inclusive, acted

2  knowingly and willfully, what malison depression, and what the intent to harm plaintiffs. Therefore, plaintiffs are in

3  title to an award of punitive damages for the purpose of punishing said defendants and to deter them and others from

4  such conduct in the future, with the exception of any Municipal defendant.

5

6                             **TENTH CAUSE OF ACTION FOR SLANDER**

7                  *(By All Plaintiffs Against All Defendants and DOES 1 through 100 Inclusive)*

8

9              Plaintiff religious, answer the extent applicable, incorporates by reference here and as if set forth

10  in full, I'll paragraphs from the common allegations above.

11              Defendant's government bodies, are vicariously responsible for the conduct of their respective

12  employees, and those 1 through 100, inclusive, under California code section 815.2, and other applicable statutory

13  and case law.

14              In addition, the conduct of defendants and each of them as alleged here and above, was

15  undertaken with malice oppression and fraud and with the intent to injure and or otherwise harmed plaintiff.

16  Therefore, plaintiffs are entitled to an award of punitive damages for the purpose of punishing said defendant and to

17  deter them and others from such conduct in the future

18              Defendants and each of them intentionally and maliciously intruded upon the plaintiff privacy

19  without a warrant and in the absence of exigent circumstances, and without a warrant, and without any evidence to

20  suggest that baby k was in imminent danger of suffering and serious bodily injury at the hands of either parent

21  plaintiff.

22              As a direct proximate result of the defendant's actions plaintiff have suffered and will continue to

23  suffer physical mental and emotional injury all to the extent of an amount subject to proof at trial.

24              The actions of defendants, and each of them, are the legal and proximate cause of plaintiff's, to

25  sustain the damages and injuries claims here in associated with the removal of the minor plaintiff from her parents

26  custody, and injuries and damages suffered subsequently thereafter

27              As a direct and proximate result of the axon emissions at the defendants, and each of them,

28  aforesaid, plaintiffs have been required to hire and retain services of medical doctors Physicians hospitals and other

1  practitioners and will be required to do so and indefinitely in the future for the proper care and treatment of injuries

2  and amounts presently and unascertained; plaintiffs prays leave when said amounts are ascertained, they may be

3  permitted to amend and insert the same herein with appropriate allegations.

4          As a further direct and proximate result of the acts and omissions of the defendants and each of

5  them, as aforesaid, plaintiffs sustained wage loss and a future loss and a future loss of earning capacity, in amounts

6  presently unascertained; plaintiffs prays leave when said amount are ascertained, they may be permitted to amend

7  and insert the same herein with appropriate allegations.

8          As a further direct and proximate result of the acts and omissions of the defendants and each, as

9  aforesaid, plaintiffs prays leave when said amounts are ascertained, they may be permitted to amend and insert the

10  same herein with appropriate allegations.

11          And doing the things alleged herein above, DEFENDANTS and each of them, acted with malice

12  and with the intent to cause injury to minor plaintiff Baby K, or acted with willful and conscious disregard of the

13  rights of the plainest in a Despicable, vial, and contemptible manner.  Therefore, plaintiff is entitled to an award of

14  punitive damages for purposes of punishing DEFENDANTS and preventing others from such conduct in the future,

15  as according to proof at trial.

16

17              ELEVENTH CAUSE OF ACTION FOR NEGLIGENT BREACH OF DUTY

18              *(By All Plaintiffs Against All Defendants and DOES 1 through 100 Inclusive)*

19

20          As a direct and proximate result the defendants and each of them, as aforesaid, plaintiff has

21  sustained emotional, physical, Ed Financial damages consequently which are expected to continue into the future

22  and amounts at the moment, subject to proof at trial.

23              Plaintiff(s) are vicariously liable for misuse of official authority included in, above and after, for

24  all involvement knowingly, to the duties for personal purposes. Van ort v. Estate of Stanewich, 1996 9th Cir Cal) 54

25  Cal 3d 202 285 Cal rptr 99 814 P2d 1341 1991 Cal LEXIS 743.

26              City and county plaintiff are not immune per   Gov C 815.2 are there superiors, allowing, omitting

27  and encouraging the despicable and vile behaviors above and below as stated..

28

1          (Garcia versus city of Merced) statutory basis for bringing suit against public entity defendants by

2  citing gov see 8:15. 2 where he had a ledge state law claims for assault and battery by a peace officer, abuse of

3  process, false arrest and imprisonment, definition per se and violation of CC code 52. 1 2008 Garcia V city of

4  Merced decal 637 F supp 2D 731-2008 us dist Lexus to 2135.

5          Executing a knowingly fraudulent warrant was not instituting or prosecuting any judicial or

6  administrative proceeding and give see 8216 immunity is generally perceived as prosecutorial immunity and

7  Immunity from prosecution, defendants assertion of immunity for public employees.

## TWELFTH CAUSE OF ACTION MONELL-RELATED CLAIMS

*( By All Plaintiffs) Against Counties and DOES 1 through 100 Inclusive)*

12          Defendant social workers' including through its entities', and not limited to, Established and or

13  followed policies, procedures, customs and or   practices:

15          The policy of detaining and or removing children from their home and family without exigent

16  circumstances (imminent danger of serious physical injury) , court order and or consent;

17          The policy of removing children from their family and home without first obtaining a warrant

18  when no exigent circumstances exist.

19          The policy of removing and detaining children, and continuing to detain them for unreasonable.

20  After alleged basis for detention is negated;

21          The policy of using trickery, duress, fabrication, and or false testimony and or evidence, and

22  preparing and presenting reports and court documents to the court, causing and interference with the plaintiff; rights,

23  including those as familial relations; and

24          By acting as deliberate indifference in implementing a policy of inadequate training, and or by

25  failing to train its officers, agents, employees and state actors, and providing the Constitutional protections

26  guaranteed to individuals, including those under the Fourth Amendment and the fourteenth Amendment, when

27  performing actions related to child abuse and dependency type proceedings.

1    The policy of making false allegations in juvenile dependency petitions for example alleging that

2 a parent has failed to protect a child under welfare and institutions code 300b, where there is no evidentiary basis to

3 support the charge. ( this list is not exhaustive do to the pending nature of Discovery and the privileged and

4 protected records investigative and juvenile dependency type proceedings, all of which have not yet been received

5 by the plaintiffs. quaintest Reserve there right to amend this pleading as more information becomes available)

6    By acting Wet deliberate indifference and implementing a policy of inadequate supervision, and or

7 by failing to adequately supervise its officers, agents, employees and state actors, and providing the Constitutional

8 protections guaranteed to individuals including under the fourth and Fourteenth Amendments, when performing

9 actions related to child abuse and dependency type proceedings.

10    The policy of making false allegations in a juvenile dependency petition for example alleging that

11 parents has failed to protect a child under the welfare and institutions code 300 B, where there is no evidentiary basis

12 to support the charge.

13    (This list is not exhaustive due to the pending nature of Discovery and the privilege and protected

14 records of investigative and juvenile dependency type of seating, all of which have not yet been received by the

15 plaintiffs. Plaintiffs reserve the right to amend this pleading as more information becomes available)

16    County, including by and through it's entities, breached its duties and obligations to plaintiff's

17 including but not limited to, failing to establish, implement and follow the correct constitutional policies,

18 procedures, practices and customs: by failing to properly select, constitutional policies procedures practices and

19 customs; by failing to properly select, supervise train, control and review its agents and employees as to their

20 compliance with constitutional safeguards with deliberate indifference; and by knowingly or with deliberate

21 indifference, permitting the social worker defendants, and DOEs 1 through 50 inclusive, to engage in the unlawful

22 and unconstitutional conduct as herein alleged.

23    Defendants knew, or should have known, that by breaching the above mentioned duties and

24 obligations that it was foreseeable that it would, and did, cause plaintiffs to be injured and damaged by its wrongful

25 policies and acts as alleged herein, and that such breaches occurred in contravention of public policy and it's legal

26 duties and obligations to plaintiff's; and that such policies practices customs and procedures were the moving force

27 behind the Constitutional violations alleged herein above.

28

1    These actions, and or inactions, a defendant are the direct and proximate cause of Plaintiffs

2    injuries, as alleged herein; and as a proximate result, Planters have sustained General and special damages to an

3    extent and in an amount to be proven at trial. In addition, plaintiffs have incurred, and will continue to incur, he's

4    costs and expenses, including those as authorized by 42 United States Constitution code §1988, to an extent and in

5    an amount subject to proof at trial.

6    The actions of Defenders, and each of them, are the legal and proximate cause of plaintiffs, to

7    sustain the damages and injuries claim herein associated with the removal of the minor plaintiff from her plaintiffs

8    parents custody, and injuries and damages suffered subsequently thereafter, which have been ongoing and

9    continuous since the date of the minor plaintiff's removal from her plaintiff parents through the present, including

10   without limitation severe and permanent personal, emotional and physical injuries, suffering financial damage and

11   amounts presently unknown to the plaintiff, which are expected to continue into the future, subject to proof at trial.

12   As a direct and proximate result of the acts and omissions of the defendants, and each of them, as

13   aforesaid, have been required to hire and retain the services of medical doctors physicians, hospitals and other

14   practitioners and will be required to do so, indefinitely in the future, for the proper care and treatment of injuries and

15   amounts presently unascertained; plaintiff prays leave when said amounts are ascertained, they may be permitted to

16   amend and insert the same here in with appropriate allegations.

17   As a further direct and proximate result of the acts and omissions of the defendants, and each of

18   them, as aforesaid, plaintiff sustained wage loss and a future loss of earning capacity, and amounts presently

19   unascertained; plaintiff prays leave when said amounts are ascertained, they may be permitted to amend and insert

20   the same herein with appropriate allegations.

21   In doing the things alleged herein above, defendants and each of them, acted with malice and with

22   the intent to cause injury to minor plaintiff Baby K acted with a willful and conscious disregard of the rights of

23   plaintiffs in a despicable, vile, and contemptible manner. Therefore, plaintiffs are entitled to an award of punitive

24   damages for the purpose of punishing defendants, and to deter them and others from such conduct in the future, as

25   according to proof at trial.

26   COUNT TWO

27   *(By All Plaintiffs Against All Defendants and DOES 1 through 100 Inclusive)*

28

District, established and or followed policies, procedures, customs, and or practices ( hereinafter referred to collectively as " policy " or " policies ") which policies were the moving force behind the violations of plaintiffs constitutional rights, including those arising under the 4th and 14th amendments, by and through, but not limited to, the following policies, practices, customs, and or procedures:

The policy of detaining and or having children removed from their family and homes without exigent circumstances (imminent danger of serious physical injury), court order and or consent;

The policy of examining and or having children examined without exigency, need, or proper court order, and without the presence and or consent of their parent or Guardian;

- The policy of using trickery, duress, fabrication and or false testimony and or evidence, and failing to disclose exculpatory evidence, in preparing and presenting reports and court documents to the court comment causing an interference with a plaintiff's rights, including those as to familial relations; and

- By acting with deliberate indifference and implementing a policy of inadequate training Or by failing to train its officers, agents, employees and state actors, and providing the Constitutional protections guaranteed to individuals, including those under the 4th and 14th amendments, when performing actions related to child abuse and dependency type proceedings.

- By acting with deliberate indifference and implementing a policy of inadequate supervision, and or by failing to adequately supervises officers, agents, employees and state actors, and providing the Constitutional protections guaranteed to individuals, including those under 4th and 14th amendments, when performing actions related to child abuse and dependence E-Type proceedings

- The policy of making false allegations in juvenile dependency petitions, for example legend that a parent has failed to protect a child under welfare and institutions code 300 B, where there is no evidentiary basis to support the charge.

(This list is not exhaustive due to the pending nature of Discovery and the privilege and protected records of investigative in juvenile dependency type proceedings, all of which have not yet been received by plaintiffs. Plaintiff Reserve their right to amend this pleading as more information becomes available).

## THIRTEENTH CAUSE OF ACTION FOR CONSPIRACY AGAINST RIGHTS

18 U.S. Code § 241. *( By All Plaintiffs) Against Counties and DOES 1 through 100 Inclusive)*

Plaintiff re-alleges, and to the extent applicable, incorporated by reference herein as if set forth in full, all paragraphs from the common allegations above, and the first through causes of action above.

Defendants, and each of them maintained, and at all times relevant to this complaint maintained, customs and practices which were the driving force behind their conspiracy to interfere with plaintiffs civil rights in violation of 18 U.S. Code § 241.

As alleged above, such customs and practices include unreasonable seizures in violation of the Fourth Amendment of the US Constitution; unlawful removal and Detention of minor children; denial of the right to a hearing on said detention within 72 hours of removal; continued detention after any alleged basis for detention has been negated; and the procuring a false testimony, fabrication of evidence, and refusal to disclose exculpatory evidence and preparing and presenting reports and documents to the court in relation to dependency proceedings, all in violation of the right to familial Association under the due process clause of the Fourteenth Amendment.

Defendants, and each of them, having at all times relevant to this complaint had, knowledge of the customs and practices that led to the conspiracy to interfere with the plaintiff civil rights. All defendants, and DOES 1 through 100 inclusive, knew that the other individual defendants were conspiring to commit the wrongs noted above, and we're going to commit them.

Despite their knowledge, defendants, and each of them refused or neglected to prevent the remaining defendants from committing these wrongs in violation of 18 U.S. Code § 241. Plaintiff did in fact suffer the deprivation of numerous rights granted to citizens of the United States, including those under the Fourteenth Amendment that protects against the unlawful seizure of one's person, and those under 14th Amendment that protect the right of familial Association Under due process clause of the Fourteenth Amendment.

Defendants and each of them, have end at all times relevant to this complaint had, knowledge of the customs and practices that led to the conspiracy to interfere with plaintiff civil rights. All defendants and DOES 1 through 100 inclusive, new that the other individual defendants were conspiring to commit the wrongs noted above and were going to commit them.

1       Defendants and each of them, had the power to prevent the commission of these wrongs, through

2   the notification of the proper superiors and authorities, and or through the implementation of policies and procedures

3   and training programs that would educate and Enlighten employees as to the civil rights of the citizens of the United

4   States and the state of California.

5       Despite their knowledge, defendants and each of them, refused or neglected to prevent the

6   remaining defendants from committing these wrong in violation of **18 U.S. Code § 241.**.  Plaintiffs did in fact suffer

7   the deprivation of numerous rights granted to citizens of the United States, including those under the Fourteenth

8   Amendment that protect against the unlawful seizure of one person and those under the Fourteenth Amendment that

9   protects the right to familial Association.

10      Plaintiff's injuries were the direct and proximate result of the actions of the defendants which the

11  remaining defendants, and each of them, could have through reasonable diligence prevented.

12      As the direct and proximate result of these defendants' actions, plaintiffs have and will continue

13  to suffer permanent physical mental and emotional injury, all to an extent and in an amount subject to proof at trial.

14  Plaintiffs have also incurred and will continue to occur these costs and expenses, including those authorized by 42

15  U. S. C. Section 8, to the extent in an amount subject to proof at trial.

16      The actions of defendants, and each of them, are the legal and proximate cause of plaintiff's, to

17  sustain the damages and injuries claimed herein associated with the removal of the minor plaintiff baby K from her

18  plaintiff parents' custody, and injuries and damages suffered subsequently thereafter, which have been ongoing and

19  continuous since the dates of the minor plaintiff's removal from her parents through the present, including without

20  limitation severe and permanent personal emotional and physical injuries, suffering Financial damage and amounts

21  presently and known to the plaintiffs, which are expected to continue into the future subject to prove that trial.

22      As a direct and proximate result are the acts and omissions of the defendants And each of them,

23  plaintiffs have been required to hire and retain the services of medical doctors Physicians hospitals and other

24  practitioners and will be required to do so indefinitely and the future for the proper care and treatment of injuries in

25  amounts presently unascertained; Plaintiffs prays leave When said  amounts are ascertained, they may be permitted

26  to amend and insert the same herein with appropriate allegations.

27      In doing the things herein above, defendants and each of them acted With malice and with the

28  intent to cause injury to minor plaintiff Baby K or acted with willful and conscious disregard of the rights of

1   plaintiffs and a Despicable vile and contemptible manner. Therefore, plaintiffs are entitled to an award of punitive

2   damages for the purpose of punishing defendants, and to deter them and others from such conduct in the future as

3   according to prove it trial.

4          The government's interest in the welfare of children embraces not only protecting children from

5   physical abuse, but also protecting children's interest in the privacy and dignity of their homes and in the lawfully

6   exercised authority of their parents.

DESIREE PETERSON 05/13/2019