UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE PETERSON,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO SHERIFF'S DEPARTMENT, et al.,<br><br>Defendants. | No. 2:18-cv-836-KJM-EFB PS<br><br><br><br>ORDER |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] Her declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.[2]

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] Plaintiff has also filed requests for an extension of time to serve defendants (ECF Nos. 4 & 8). and for permission to electronically file documents with the court (ECF Nos. 6 & 9).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff's second amended complaint[3] fails to state a claim and fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Accordingly, it must be dismissed with leave to amend. The complaint's limited allegations indicate that this action arises out of the removal of plaintiff's children from her custody. ECF No. 7 at 7. But rather than provide "a short and plaint

---

Because plaintiff's complaint must be dismissed for failure to state a claim, defendants do not need to be served at this time. Plaintiff's requests to file electronically are denied pursuant to Local Rule 133(a), which provides that pro se parties, such as plaintiff, shall file and serve paper documents.

[3] Plaintiff has submitted two amended complaints prior to screening. The court herein screens the second amended complaint as the operative complaint.

statement of the" claims, the 39-page complaint consists almost exclusively of legal conclusions that neither demonstrate plaintiff's entitlement to relief nor provide fair notice to the fifteen defendants of the claims asserted against them. Plaintiff alleges that Sacramento County Sheriff Scott Jones "refused to discipline his Deputies and failed to investigate properly by refusing all allegations and ignoring evidence." *Id*. at 8. But she does not identify the incident that should have been investigated or specify the evidence that was ignored. Nor does she explain how Sheriff Jones's conduct harmed her. She also claims defendants have conspired and colluded with other parties to: serve a "fraudulent Unlawful Detainer;" implement a "Plan of action" for the removal of her children; withhold resources from her "HOME AND EQUITY;" and to "withhold all familial rights. *Id*. at 10-11.

Additionally, it appears plaintiff seeks to asserts claims on behalf of her minor child. *See, e.g.,* ECF No. 1 at 16 (alleging defendants "deprived minor plaintiff K of her freedom of movement by the use of physical barriers, fraud, menace, deceit, And [sic] unreasonable duress."). But there is no indication from the record that Ms. Peterson is an attorney. Unless she is an attorney she may not represent the interest of her minor child, and may not sign pleadings on the minor child's behalf. Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). In addition, Local Rule 183(a) requires that any individual who is representing herself without an attorney must appear personally or by courtesy appearance by an attorney and may not delegate that duty to any other individual. E.D. Cal. L.R. 183(a). Accordingly, Ms. Meyer may not bring claims on behalf of her child. *See Johns v. County of San Diego*, 114 F.3d 874, 876 877 (9th Cir. 1997) (a non-lawyer has no authority to appear as an attorney for another, and general power of attorney does not give non-lawyer right to assert the personal constitutional claims of another).

For these reasons plaintiff's second amended complaint must be dismissed for failure to state a claim. Plaintiff is granted leave to file an amended complaint. Any amended complaint must allege a cognizable legal theory against a proper defendant(s) and include sufficient facts in support of that cognizable legal theory. Should plaintiff choose to file an amended complaint, the

amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. An amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's requests to file electronically (ECF Nos. 6 & 9) are denied.

3. Plaintiff's requests for an extension of time to complete service of process (ECF Nos. 4 & 8) are denied.

4. Plaintiff's second amended complaint is dismissed with leave to amend, as provided herein.

5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must

4

be labeled "Third Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: February 19, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE