1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DESIREE PETERSON,                        Case No.  2:18-cv-00836-KJM-JDP (PS)

12              Plaintiff,                     SCREENING ORDER

13         v.                                  ECF No. 11

14   COUNTY OF SACRAMENTO                      AMENDED COMPLAINT DUE WITHIN 30
     SHERIFF'S DEPARTMENT, *et al.*,           DAYS
15
                Defendants.
16

17

18         This matter is before the court for screening under 28 U.S.C. § 1915(e).  Plaintiff proceeds

19   on her third amended complaint, ECF No. 11, against a dozen named defendants and one hundred

20   Doe defendants.  Plaintiff alleges that her ex-husband, who is not a named defendant, "called for

21   a welfare check" that resulted in sheriffs entering plaintiff's Sacramento home while she and her

22   children were not present.  ECF No. 11 at 2-3.  Plaintiff asserts that the officers entered her house

23   on December 28, 2016 without a warrant or permission, and in the absence of exigent

24   circumstances.

25         The following month—on January 20, 2017—plaintiff pulled up to her home and was

26   blocked by a Sacramento Sheriff's vehicle.  *Id.* at 7.  When asked where her children were, she

27   stated that they were with their nanny.  *Id.* at 7.  An officer and social worker entered plaintiff's

28

                                          1

1   home, though as before plaintiff had not given them permission to enter and they did not have a

2   warrant.  *Id.*  It was not until January 27, 2017, that plaintiff was served with a warrant.  *Id.* at 10.

3   Plaintiff also complains of actions that took place in Solano County.  *Id.* at 12-18.  She alleges

4   that the county subjected one of her children, who was only a year old at the time, to a hair panel

5   test for marijuana, and that the county did not disclose the test results.

6         Plaintiff seeks to bring *Monell* claims against the social workers involved in her child

7   custody cases and against Sacramento and Solano County entities.  *Id.* at 18-22.  Her complaint

8   states many legal conclusions in its "claims" section but does not identify facts supporting those

9   conclusions.  For example, plaintiff asserts that she "sustained wage loss and a future loss of

10   earning capacity," but she does not explain how these injuries resulted from the searches of her

11   home.  *See id.* at 20.  Plaintiff also asserts that the policy of detaining and removing children is

12   unconstitutional, but she does not assert when or how her children were detained or removed.  *Id.*

13   at 20.[1]

14                                           **DISCUSSION**

15         A complaint must contain "a short and plain statement of the claim showing that the

16   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required,

17   but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

18   statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (citing *Bell Atlantic Corp. v.*

19   *Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are

20   not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677,

21   681 (9th Cir. 2009) (internal quotation marks and citation omitted).

22         To survive screening, plaintiff's claims must be facially plausible, which requires

23   sufficient factual detail to allow the court to reasonably infer that each named defendant is liable

24   for the misconduct alleged.  *Iqbal*, 556 U.S. at 678. The sheer possibility that a defendant acted

25   unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the

26   plausibility standard.  *Id.*

27    

28         [1] The third amended complaint includes a mind map and a timeline, but these are largely illegible owing to small typeface.  *Id.* at 24-25.

2

As an initial matter, plaintiff's claims regarding the Solano County incident are unrelated to her other claims. She cannot bring unrelated claims in the same lawsuit, and the Solano claims involve different defendants and a different occurrence than do her other claims. *See* Fed. R. Civ. P. 18, 20.[2] Additionally, plaintiff appears to be making claims on behalf of her child, which she cannot do. *See Johns v. County of San Diego*, 114 F.3d 874, 876 877 (9th Cir. 1997) (holding that a non-lawyer has no authority to appear as an attorney for another, and general power of attorney does not give non-lawyer right to assert the personal constitutional claims of another). Plaintiff's claims against the Solano County defendants should be dismissed.

The remaining claims relate to the incidents in Sacramento and are against the social workers and Sacramento County for various policies, procedures, and practices, under *Monell*. A municipality cannot be held liable under § 1983 for the acts of its employees solely on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Vicarious liability attaches to a municipality only when the municipality itself causes the constitutional violation at issue, which occurs only when the harm results from the municipality's policy or custom. *See id.* at 694 ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). To satisfy *Monell*'s requirements, a plaintiff must identify a policy or custom, connect the policy or custom to the city itself, and show that an injury was incurred because of the execution of that policy or custom. *Id.* at 507-08.

---

[2] "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . ." *K'napp v. California Dept. of Corrections*, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), *aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation*, 599 F. App'x 791 (9th Cir. 2015) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007)). *See also* Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.").

I cannot tell what underlying constitutional claim plaintiff seeks to assert against individual defendants; she does not expressly bring any such claim.  I also cannot tell what injury plaintiff suffered.  Finally, plaintiff asserts that she brings some *Monell* claims against certain social workers, but *Monell* claims must be brought against local governments, not individual employees.  Thus, plaintiff fails to state a *Monell* claim against any defendant.

The court will give plaintiff another opportunity to amend.  In addition to the instruction on *Monell* above, plaintiff may find it helpful to review the legal standards for bringing constitutional claims under § 1983 and the legal standards for familial association.  (Plaintiff mentions familial association in her complaint but does not list it as a claim.)  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred."  *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see* 42 U.S.C. § 1983.  "In order to state a claim under § 1983, a plaintiff must plausibly allege that 'she suffered the deprivation of a federally protected right and that the alleged deprivation was committed by a person acting under color of state law.'"  *Sampson v. Cty. of Los Angeles by & through Los Angeles Cty. Dep't of Child. & Fam. Servs.*, 974 F.3d 1012, 1018 (9th Cir. 2020) (quoting *Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020)).

As for familial association, parents "have a well-elaborated constitutional right to live" with their children that "is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency."  *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 1999).[3]  Generally, an official must obtain a warrant to remove a child from parental custody.  Kirkpatrick, 843 F.3d at 789.  However, there is "an exception to the warrant requirement where the exigencies of the situation are so compelling that a warrantless seizure is objectively reasonable."  *Id.* (citing *Rogers v. Cty. of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007)).  "Therefore, . . . the tests

---

[3] The Fourth Amendment also safeguards children's rights to be secure in their persons against unreasonable seizures, *Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 789 (9th Cir. 2016), but as plaintiff is not bringing claims on behalf of any of her children, that part of a familial association claim is inapposite here.

1    under the Fourth and Fourteenth Amendment for when an official may remove a child from

2    parental custody without a warrant are equivalent." *Kirkpatrick*, 843 F.3d at 789 (citing *Wallis*,

3    202 F.3d at 1137 n.8).

4    **CONCLUSION**

5        The court has screened plaintiff's third amended complaint and finds that it fails to state a

6    cognizable claim against any defendant.  Plaintiff may file an amended complaint if she wishes to

7    proceed with this suit.  As explained below, such an amended complaint would need to allege

8    what each defendant did and why each defendant's actions violated plaintiff's rights.  If plaintiff

9    fails to amend her complaint within thirty days, I will issue findings and recommendations that

10    plaintiff's complaint be dismissed for the reasons stated in this order.

11        Should plaintiff choose to amend the complaint, the amended complaint should be brief,

12    Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of

13    plaintiff's constitutional or other federal rights.  *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*,

14    297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff must set forth "sufficient factual matter . . . to 'state a

15    claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

16    at 570).  There is no *respondeat superior* liability, and each defendant is only liable for his or her

17    own misconduct.  *See id.* at 677.  Plaintiff must allege that each defendant personally participated

18    in the deprivation of her rights.  *Jones*, 297 F.3d at 934 (emphasis added).  Plaintiff should note

19    that a short, concise statement of the allegations in chronological order will assist the court in

20    identifying her claims.  Plaintiff should name each defendant and explain what happened,

21    describing personal acts by each individual defendant that resulted in the violation of plaintiff's

22    rights.  Plaintiff should also describe any harm she suffered from the violation of her rights.  As

23    discussed above, plaintiff should not add unrelated issues.  *See* Fed. R. Civ. P. 18; *George v.*

24    *Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong

25    in different suits . . . .").  Plaintiff's complaint, including any exhibits, must be legible.  E.D. Cal.

26    Local Rule 130(b).

27        Any amended complaint will supersede the current complaint, *Lacey v. Maricopa County*,

28    693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and must be complete on its face without

reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, previous complaints no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be titled "Fourth Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly,

1.     Within 30 days from the date of service of this order, plaintiff must file a fourth amended complaint.

2.     Failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:    April 19, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

6