Desiree Peterson
Pro se
1632 Ontario Street,
Fairfield CA 94533
707-803-3920 |
DesireeNeverFails@gmail.com





CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DESIREE PETERSON,
Plaintiff,

vs.

COUNTY OF SACRAMENTO SHERIFF'S
DEPARTMENT; A PUBLIC ENTITY,
SACRAMENTO COUNTY DEPARTMENT OF HEALTH
AND HUMAN SERVICES; A PUBLIC ENTITY,
COUNTY OF SOLANO DIRECTOR OF HEALTH
AND HUMAN SERVICES, GERALD HUBER, AN
INDIVIDUAL PUBLIC ENTITY:
ROGER (ROJILIO) RODRIGUEZ; INDIVIDUAL
PUBLIC ENTITY and unknown DOES

Case
  No.: 2:18-cv-000836-KJM-EFB

PLAINTIFF'S FOURTH AMENDED
COMPLAINT FOR DAMAGES

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

To whom it may be of concern,

My experience with the child welfare agency.

Facts and Truths

- None of my children have ever been physically or emotionally harmed prior to the juvenile dependency social workers intrusion.
  - I do not have a criminal record.
  - I have never been charged with any crime.
- All the basic standards of child care were met, even noted during the welfare check police report before the social worker broke into my empty home.
- The social worker was able to confirm my children were healthy prior to his illegal and unwarranted entry into my empty home.
- I attempted to do all the services asked of me in Solano County, but I was not permitted to join without admission of a crime I did not commit.
  - The parental alienation by joint Sacramento and Solano County child welfare agencies has been absolutely horrendous and traumatic to every member of my family. • I have been withheld from even visits with my other children that were not involved in the CWS case because of the agency's lies entered into their database.
- I was not allowed to be heard by all courts of the state excluding criminal. All the way up to the Supreme Court of California.
- There have been so many lies in my file, that even the seizure date is incorrect and stated so on the police report, But still ignored by every social worker all the way up to the highest judge of California chief Justice Tani.
- A false and fraudulent hair stand test result was never produced to the court or to me by all three parties in the chain of custody, despite exhausting all avenues to acquire the evidence while documents showed the sample was discarded.
- Child protection services is so void of concern for children and the true welfare of them, that I received multiple other children's paperwork multiple times.

I come to you with an extreme bias. I have no sympathy for tyrannical government entities that have knowingly allowed the legal trafficking of American children for decades, and killing even Senators that expose them (Nancy Schaefer). The child welfare beast harms its employees with brain numbing, re- education training, so somehow through the impersonalization of case loads to the " it's just a job " excuse, has destroyed hope in over half the youth today. I wish the return of my children to me physically releasing all of your legal holds against my family. I've decided to act within what I am promised as a free person of this state, without faith in a resolve to ever occur with compromised officials.

Fact check if you would like:

- Verify my Solana county social worker ran to Mexico to avoid cross-examination.
- Confirm the county council attorney is paid by George Soros.
- Confirm stakeholders also work in the court and their family.
- Confirm the unwarranted deputy in Sacramento was arrested for pedophilia. • Verify the court clerk rejected paperwork for probate over a staple so a social worker could oversee an estate transfer.
- Verify I held a rally protesting child protective services the same day petition to remove her from her father was submitted.
  - Redress of grievances has been ignored

PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR DAMAGES - 2

● Every agency possible has been contacted about this matter and has failed to correct it. ● The malicious Sacramento social worker that went around the court to harass father, also changed the database after the judge struck father off the record.

Why does this affect you? It is the same agency that shut down the state and Country. The CDC is ran by the HHS, the CDC has all its tests done through Quest Diagnostics. These agencies in extensions of them have been corrupt for a while now. They have followed a plan of destroying the family unit first. And now they are isolating each member of society.

With the power vested in the Executive Branch, I am officially giving public notice of intent, and declare under the Proclamation made December 4th, 2020 by the President of the United States, Donald J. Trump.

In observance of Human Rights Day, Bill of Rights Day, & Human Rights Week, Public Notice of intent to act in entitlement rights is officially declared by I, good citizen, bestowed by rule of law, & consideration of such liberties to a citizen set forth by order of God. Recognizing indivisible relations of the human family and free speech as the foundation of freedom and peace within nations, obtained by the people of this land and no longer advent once demanded, the state court shall grant full realization of what has been pledged by them. Take notice of intent to act by commencing such rights, starting on December 6th of the year 2020. In this action, good citizens will be peacefully protesting illegal unjust alienation rulings by lower courts of this state of California, and all those without consideration of the Constitution and the Bill of Rights, has refrained from its duty's to myself and penumbra of libertys. I, good citizen, will not trespass on personal property that is not mine, and expect to not be interrupted in my practice with any more of the State of California's unwarranted, unethical, and immoral actions against its own citizens and peoples using tyrannical, uneducated of law Arm, with aggression.

I declare myself an expert good citizen & expect to be treated as such with just cause under written, understood, and practiced Constitutional Law.

If this is all to complex with it's meaning, let me clarify, I will see my kids and cps will no longer stop me.

Sincerely, good citizen. December 26, 2020
Desiree Peterson. Desireeneverfails@gmail.com

**COMMON ALLEGATIONS**

PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR DAMAGES - 3

1    SACRAMENTO COUNTY

2    12-28-2016
3    11:40 am

4    Father T saw police officers in the backyard peeking through the windows. Plaintiff and
     her children were not home. The police did not knock, or ring a doorbell to notify anyone
5    of their presence. No warrant existed. Unknown Deputies entered the home unannounced
6    through the back door surprising and shocking Father T, who at the time was home alone.
     Police report states "DAU LEIA" so it's clear Gus Peterson (ex husband of Plaintiff ) called
7    them. Report confirms food and utilities on, states personal opinion on how heat should be
8    acquired by residence, states the Sheriffs called CPS to follow up but did so after reported
     " cleared " of any sewage claims they had stated verbally to father as the reason for call.

9    1-20-2017
10
11   Plaintiff pulled up to her home at 8931 Central Ave in Orangevale CA, to have the father
     help her re-strap the dump load she was en-route to dispose at Kiefer Landfill. When she
12   parked, she was immediately blocked by a Sheriff's vehicle. She assertively asked "can I
     help you". Sheriff asked if she was Plaintiff Peterson, and she responded, "yes". As this
13   was occurring, Father T was being handcuffed at the door, outside the home. Plaintiff was
14   being asked the location of her kids, in which she initially said to them "none of your
     business" then "at my nani's home so I can do a dump run, and Leia is at school." She did
15   not want to give the address of her nani's home because she had done nothing wrong.
16   While debating her rights with the Defendants, Rodriguez and the female officer decided to
     enter the home after Rodriguez confirmed on the phone the children's physical location at
17   the nanni's. Fully aware of the kid's location and safety, Defendant Rodriguez and the
     Female Deputy commenced to enter the empty residence. The Plaintiff yelled at them
18   loudly and clearly " you do not have permission to enter my home, you don't have a
     warrant" and the officer yelled back " I don't need a warrant" . With Rodrigues and the
19   officer looking like they were Hollywood actors playing NYPD blue, they entered the empty
20   home. No one was inside or thought to be inside, the plaintiff stood outside by her truck
     and father was cuffed in the police vehicle. After searching the home the 2 defendants that
21   broke into the home started to threaten her with everything they had for example, a
     ridiculous claim of the uncovered smoked turkey in the refrigerator being
22   unsanitary" and "if I don't comply they will put your kids into a receiving home that are
23   horrific nightmarish places". Plaintiff called her mother to grab the kids. This was after
     Father T was told to make Plaintiff comply with their demand and sign a blank document
24   or they would do all these illegal things to her family as punishment. Plaintiff was forced to
25   sign some blank piece of paper Social Worker Rodriguez had in order to release herself
     and her kids from custody. Plaintiff's mother picked up all her kids and Plaintiff continued
26   with her load to the dump. While on her way to the dump, things changed and Rodriguez
     told Plaintiffs mother that the Plaintiff used drugs, had a suspended drivers license, and
27   many other untrue statements which caused the Plaintiffs mother to do all the seizure
     activities and alienation activities against the Defendant. But during this, did not respond
28

         PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR DAMAGES - 4

or confirm allegations to such claims to the Defendant despite numerous pleas in person, in writing, to superiors and all parties involved and listed as Defendants above.

Between the dates of the 20th and 27th plea's via email demanding reasons for their actions with no answers from anyone.

Friday January 27th at 8:30 p.m.

Served a Warrant by Rodrigues and 3 other Sheriffs at 8:30 p.m.

Following the seizure and before the warrant or any hearing on this matter, Plaintiff asked, in-person, Manager Sasha to clarify the 2 contradicting court submissions she signed, but she had no answer. Plaintiff hand wrote a note to Manager Sasha to tell her about her Navajo heritage she told Rodrigues about that stated such and included " because I'm sure the rules for American Indian rights weren't followed either and she was waiting for council." This was during the meeting the department held with the Plaintiffs estranged family without inviting her.

Manager Sasha Randolph and HHS Ombudsman of Sacramento County Child Protective Services, failed to respond to the Plaintiff. Manager failed to replace Social Worker Rodriguez upon request and failed to respond to emails from Plaintiff Peterson containing a valid cause for the department's seizure and failed to give any answer for the agency's conduct.

Due process of time for hearings was not exercised or even considered by the department. Form 180JV filed, ignored, and not admitted into court. The court's reason was they did not have jurisdiction to accept a change in dependency form, the children were not dependents yet.

The Plaintiffs children have been taken without explanation and permanently damaged emotionally. Ex husband and other father of child A have since hidden and moved children from the Plaintiff in fear and belief of the lies told about the plaintiff by the Defendants.

Absence of children caused multiple splits in Plaintiffs relationship. Homelessness as a direct intent of the department upon release to father, who was no different in situation to Plaintiff but stricken from the Juvenile record. Later, to be re-inserted by Jasminka Rainey against the Judges orders and into a database upon other lies.

Slander and other false statements have caused harm to all parties involved. House profits and other finances have been withheld by trusts account holders and Plaintiff Parent causing her to be homeless knowingly, because of false allegations by DHSS. Trusts account managers supporting CPS and claiming to be unsure of who is telling the truth.

Social worker Ben Worrall failed to replace SASHA BOBRICH after problems were brought to his attention and a replacement was requested. She no-showed vindictively

PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR DAMAGES - 5

knowing the Plaintiff drove an hour for visit. The Plaintiff has recorded video with timestamps from these no shows of bobrich that have Bobrich statements to Juvenile court stating under penalty of perjury, that the Plaintiff failed to show. Plaintiff was harassed by Social Worker SASHA BOBRICH in which she has continually changed times at the last minute, threatening to make false allegations if Plaintiff did not face her while she played with her daughter. and has no-showed visits causing emotional distress to all parties involved. She has lied to the courts making false allegations and has repeatedly coerced conflict and retaliation when her attempts failed.

The Plaintiff's youngest child suffered a respiratory infection without proper treatment for over a month due to the department's neglect and failure to act. Mr. Worrall failed to have Baby K cared for when her respiratory distress and infection was brought to his attention in person and via text. Baby K suffered over an additional month due to his neglect causing extreme emotional distress to the Plaintiff who could not do anything to help her child. Mr. Worrall failed to give a consistent substantial complaint against the Plaintiff or successfully provide justification for the department's actions against her family. Having to amend the petition to remove the child from Plaintiffs care three times before transfer to Solano County was initiated. Claims of the Department were first home condition only, but when solutions were offered to eliminate this concern, excuses arose and allegations changed. Ben Worall, Court Investigator for Sacramento County failed to investigate ex husband Gus Peterson after evidence of aggression, abduction reports and contempt of court to hide his where-abouts, was brought to his attention by Plaintiff Peterson. The Plaintiff actually gave Mr. Worrall a file filled with evidence for the malicious purpose of her ex-husband to call the department initially. All evidence was ignored by the Department.

Sacramento Sheriff Scott Jones refused to discipline his Deputies and failed to investigate properly by refusing all allegations and ignoring evidence. None were concerned with unwarranted entry a total of three times by Sacramento County Sheriff's department before the home was sold.

## SOLANO COUNTY DIRECTOR OF HHS GERALD HUBER
## COMMON ALLEGATIONS

Plaintiff Parent requested a transfer to Solano 2 months before it was initiated.

Solano County Department of Health and Human Services has harassed Plaintiff Peterson by slandering her to Father T's neighbors, ex wife and son, making false statements including that a restraining order existed that did not. Including stalking her before the county had jurisdiction to call it investigating. Has threatened to lie in court, has lied in court, suppressed material facts, ignored her petition to mitigate, mediate or settle the matter formally or informally. Completely and maliciously with full knowledge of claims by the Defendant, failed to address any of the duties bestowed upon such a title as Director of Humans Health of a County.

PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR DAMAGES - 6

SOLANO COUNTY DHS has forced entry multiple times under assumed bias's and labels of Solano County Health and Human Services. The Defendant allowed such lies as residency squatters Also, through his rehabilitations portion of duty, acquired a halfway home 200 feet from her fairfield residence using its sex offenders to make direct threats and coerce conflict by making those probationees park and live behind the Plaintiffs home. This can be proven at trial and the names have been acquired of the probationee that confessed such instruction to the Plaintiff. Evidence to the life threat by another placed sex offender is on record and reprted to Meghans Law at the DOJ and video evidence exist to the following of the Defendent from her home. This threat to cut the Defendants throat was done immediately after the Plaintiff contacted city council about Director Hubor not responding to the Plaintiff.

BABY K was given unauthorized drugs while in foster in Solano County. The facility and Department refuse to disclose any information to the Plaintiff.

Maternal Grandmother, whom is authorized by both countys for fostering, was not told about Baby K's removal from her Father until 5 days after the event. She was drugged and under duress when Maternal grandmother received her.

The department has placed unreasonable hardships upon Desiree, requesting she doesn't check her mail or obtain resources from fathers home. Not giving her full copies of the case file or transcripts after her request so appeal has been delayed.

Wendy Smith has requested a hair follicle test on baby Baby K which will continue to traumatize her and is severely intrusive and without good legal cause.

The DHS has yet to hold a solid claim against Plaintiff Parent Peterson as reason for their behavior and intrusion into her life.

Manager Alexis Pope has refused meeting personally with Plaintiff Parent Peterson multiple times and currently still will not provide any just cause for actions and demands against her.

Social Workers Kaela Robinson and Claudia Orozco have lied and threatened Plaintiff Peterson on multiple occasions. Solano County CPS refuses to clarify why they are holding baby K from the Plaintiff. Have lied and colluded to gain progress against her and her family, and have given contradicting demands that have no resolve to re-unite her family.

Second seizure petition was done as a direct result of Plaintiff's protest at the courthouse on that same day.

The violations are exhausting and trauma regurgitations no one wishes to re-live, Plaintiff will attach her last couple of communications in the Child Welfare issue and circumstance.

PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR DAMAGES - 7

She also would like to offer an easy to read spreadsheet for your honor if interested in a suggestion to the translation divide between the court and pro se litigants comprehension to requirement to make a valid claim.

For the scope of the matter at hand, the Plaintiffs Human Rights Declaration was sent via USPS, without exact jurisdiction stated, to all 65 County HHS Directors in California, and only 3 responded, not including Mr. Huber.

## Jurisdictional Statement

1. At all times relevant to this complaint Plaintiff were residents of Sacramento County California. Plaintiff Peterson is the mother of minors Baby K, Child D Child L and Child A and is not suing on their behalf but is in direct penumbra of liberty interest of them.
2. At all times applicable here in, the Sacramento and Solano County's Department of Human Services was and is a public entity and a subdivision of defendants Sacramento County and the Solano County Health and Human Services Director.
3. At all times applicable here in, the Sacramento and Solano County's Child Protective Services "CPS" was and is a subdivision or entity of Sacramento and Solano County's Department of Human Services.
4. At all times applicable here- in, county defendants were an officer agent and/or employee CPS
5. At all times applicable, the plaintiff was not an officer, agent, or employee of CPS or defendant county.
6. Here and after, when referred to collectively, the defendants identified in paragraphs here-in below will be referred to as "defendants"
7. At all times applicable here in, the Sacramento County Sheriff's Department was and is a public entity.
8. At all times applicable here-in, Sheriff Jones, Deputy Pietrick, Brucker, and Daniels were officers, agents and employees of Sacramento County Sheriff's Department.
9. Hereinafter, when referred to collectively, the defendants identified in paragraphs here-in and after will be referred to as "Defendants".
10. Here-in after, when referred to collectively the defendants identified in paragraphs below will be referred to as "County defendants".
11. At all times applicable here in, Plaintiff Peterson was a resident of County of Sacramento and/or Solano County, and parent of said minor children in Line 1.
12. Hereinafter, but when referred to collectively, the defendants identified in paragraphs below will be referred to as "Defendants".
13. Plaintiff is ignorant of the true names and capacities of DOE defendants and will refer to them as DOES unknown. Plaintiff prays for leave of court to

PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR DAMAGES - 8

amend this complaint to identify those unknown defendants when their identities are ascertained if settlement offer is declined.

14. At all relevant times, defendants, and DOES unknown inclusive, and each of them, were the knowing agents and/or alter egos of one another, and that defendants directed ratified commented and/or approved the conduct of each of the other defendants, and each of their agents or employees, and each of their agents or employees, and are therefore vicariously liable for the acts and omissions of their co-defendants their agents and employees, as more fully alleged herein. Moreover, all of the defendants agreed upon, approved, ratified, aided and abetted, and /or conspired to commit all of the acts and/or omissions alleged herein below and thereby cause, or were a substantial factor in causing the injuries and damages alleged here in.

**FIRST CAUSE OF ACTION FOR ASSAULT**

(By Plaintiff Against Sacramento County Defendants, Solano County Defendant and DOES Unknown at time of this complaint)

Plaintiff alleges, and to the extent applicable, incorporates by reference herein as if set forth in full from the common allegations listed above.

Pursuant to Gov. Code § 815.2, subd. (a), a county is liable for acts and omissions of its employees under the Doctrine of respondeat superior to the same extent as the private employer.

Under Gov. Code Code § 815.2 subd. (b), the county is immune from liability if, and only if, the employee is immune . Under the Fourth Amendment to the United States Constitution minor plaintiffs are at all times entitled, as a matter of law, to remain free from unreasonable search a seizure, in the absence of exigent circumstances, absent a court order or warrant.

Plaintiff is informed and believes and so such basis alleges that a reasonable Sheriff and/or social worker in Defendants situations would have known it was wrongful to seize and detain baby K from parents and family home without first obtaining a warrant, or court order, to do so.

In doing such, cause injury to Plaintiff or acted with a willful and conscious disregard of the rights of Plaintiff in a despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages against the individual defendants and municipality ( as opposed to the government as a whole entity) for the purpose of punishing DEFENDANTS, in effort to deter them and others from such conduct in the future.

PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR DAMAGES - 9

**COUNT ONE**
**(By Plaintiff Against COUNTY DEFENDANTS, And DOES Presently Unknown Inclusive)**

A State law battery claim is a natural counterpart to a Federal unlawful seizure claim based on Constitutional rights arising under the 4th Amendment. See for example Brown versus Ransweiler ( Cal.App.4 Dist., 2009) 171 Cal.App 4th 516, 527. Under the Fourth Amendment to the United States Constitution. Plaintiff was at all times entitled, as a matter of law, to remain free from unreasonable search and seizure, in the absence of exigent circumstances, and without any evidence to suggest that anyone was in imminent danger of suffering serious bodily injury at the hands of Plaintiff. DEFENDANTS, and each of them, did act, or caused or allowed others to make, harmful and unconsented contact with Plaintiff penumbra of self as she was unlawfully removed from her children and her children detained by each of the individual SOCIAL WORKER DEFENDANTS participated in, conspired with, approved of, and/or aided and abetted the conduct of the remaining COUNTY DEFENDANTS.

At no time did Plaintiff consent, constructively or otherwise, to such contacts. Nor was there any evidence to suggest that anyone was in imminent danger of suffering serious bodily injury at the hands of Plaintiff.  DEFENDANTS, and each of them, did make, or caused, or allowed others to make, harmful and unconsented unwarranted entry into home disregarding confirmed good health and after confirmed safety of children at babysitters home. Defendants maliciously and unlawfully removed and detained children without cause after searching the Plaintiffs empty home. Plaintiff is informed and believes and on such basis allege, that each of the individual SOCIAL WORKER DEFENDANTS and COUNTY DEPUTIES participated in, conspired with, approved of, and/or aided and abetted the conduct of the remaining COUNTY DEFENDANTS.

At no time did Plaintiff consent, constructively or otherwise, to such contacts. Nor was any warrant or court order permitting such contacts. Nor was any warrant or court order permitting such search and entry of PLAINTIFFS home.

As a direct and proximate result of these DEFENDANTS' actions, Plaintiff has suffered and will continue to suffer physical, mental, and emotional injury, all to an extent and in an amount subject to proof at trial if DEFENDANTS not settle in asked amount totaling $250,000.

The actions of DEFENDANTS, and each of them, are the legal and proximate cause of Plaintiff, to sustain the damages and injuries claimed herein associated with the removal of the Plaintiff's children from her custody, and injuries and damages suffered subsequently thereafter, which have been ongoing and continuous since the date of January 20th 2017, through the present, including without limitation severe and permanent personal, emotional and physical injuries, suffering financial damage in amount presently unknown to the Plaintiff, which are expected to continue into the future, subject to proof at trial if necessary.

As a direct and proximate result of the acts and omissions of the defendants, and each of them, as aforesaid, plaintiff will be required to hire and retain the services of medical doctors, physicians, hospitals and other practitioners and will be required to do so indefinitely in the future, for the proper care and treatment of injuries in amounts

1   unascertained, she may be permitted to amend and insert the same herein with appropriate

2   allegation discovered.

    As a further direct and Proximate result of the acts and omissions of the defendants and

3   each of them, as aforesaid, plaintiff has sustained wage loss and a future loss of earning

    capacity, in amounts presently unascertained; plaintiff seeks leave if objection to

4   settlement by DEFENDANTS is chosen , with this , when said amounts are ascertained

5   upon discovery, Plaintiff may be permitted to amend and insert the same here in with

    appropriate allegations.

6    Defendant COUNTY is vicariously responsible for the conduct of defendants, and DOES

7   unknown inclusive, under government code section 815.2(a) and applicable other

    statutory and case law.

8    Engaging in foregoing conduct, DEFENDANTS and each of them, acted with malice and

9   with the intent to cause injury to plaintiff, or acted with a willful and conscious disregard

    of the rights of plaintiff in a despicable vile and contemptible manner. Therefore, the

10  plaintiff is entitled to an award of punitive damages for the purpose of punishing

    DEFENDANTS, and to deter them and others from such conduct in the future, in an

11  unascertained amount until proof at trial, should one be necessary.

12  **COUNT TWO**

    (By plaintiff against County defendants and DOES unknown inclusive)

13

14   Plaintiff realleges, and to the extent applicable, incorporates by reference herein as if set

    forth in full, all paragraphs from above.,

15   Pursuant to California Code of Civil Procedure §376, the parents of a minor child may

    maintain action for damages which they have sustained arising from an injury to their

16  child caused by the wrongful act or neglect of another.

17   At no time did the plaintiff consent, constructively or otherwise, in contacts. nor was any

    warrant or court order permitting such contact duly obtained.

18   As a direct and proximate result of these COUNTY DEFENDANTS' actions, plaintiffs

    have suffered and will continue to suffer damages all to an extent and in an amount subject

19  to prove at trial with objection to settlement offer.

20   The actions of DEFENDANTS, and each of them, are the legal and proximate cause of

    plaintiff to sustain the damages and injuries claim. Associated with the removal of the

21  minors from plaintiffs custody, with injuries and damages suffered subsequently

    thereafter, which have been ongoing and continuous emotional and physical injuries,

22  including and not limited to the suffering of financial damage in amounts presently

23  unknown. which are expected to continue into the future, subject to proof at trial if

    necessary

24   As a direct and proximate result of the acts and omissions of the defendants, and each of

    them, as aforesaid, Plaintiff has been required to hire and retain the services of medical

25  doctors, Physicians, hospitals and other practitioners and will be required to do so

26  indefinitely in the future, for the proper care and treatment of injuries in the amounts

    presently unascertained; plaintiff prays leave until such amounts are ascertained, for

27  permission to amend a and insert the same here in with appropriate allegations, should

    rejection to settlement by DEFENDANTS occur.

28

    PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR DAMAGES - 11

And doing the things alleged herein above, DEFENDANTS and each of them, acted with malice and with the intent to cause injury to plaintiff, or acted with a will full and conscious disregard of the rights of plaintiff in a despicable and contemptible manner. Therefore, plaintiff is entitled to an award of punitive damages for the purpose of punishing and detoring such behaviors which has continued in these actors culture and profession in which can be proven at trial if settlement amount is rejected.

DEFENDANT COUNTY and its entities, and each of them named herein, are vicariously responsible for the conduct of each of the remaining unknown DOES inclusive, under government code section 815.2(a) and Welfare and institutions code §1600 0.1, Scott versus County of Los Angeles, (1994) 27 Cal.App.4th 125, and other applicable statutory and case law.

## SECOND CAUSE OF ACTION FALSE IMPRISONMENT
(By plaintiff against County defendants and unknown DOES Inclusive)

Plaintiff realleges, and to the extent applicable, incorporates by reference herein as if set forth and full, all paragraphs from above.

Gov. code§ 820.4, specifically denies immunity and imparts liability upon a Public Employee for a claim of false imprisonment. In the absence exigent circumstances, and without any evidence to suggest that a person was in imminent danger of suffering serious bodily injury at the hands of Plaintiff, COUNTY DEFENDANTS, each of them, wrongfully removed and detained Plaintiffs children.

Each individual SOCIAL WORKER DEFENDANT participated in, conspired with, approved of, and/or aided and abetted the conduct of remaining COUNTY DEFENDANTS.

DEFENDANTS, And each of them, intentionally deprived the Plaintiff of her freedom of movement by the use of physical barriers, fraud, menace, deceit, and unreasonable duress . without evidence of any imminent danger of serious physical injury at the hands of Plaintiff and all without court order or reasonable cause outside of her home and times there after. In order to perpetuate and continue the unlawful detention of Plaintiff's children and alienate her penumbra, defendants fabricated evidence, suppressed exculpatory evidence, and committed perjury, to hide the truth depriving Plaintiff of her personal and civil liberties.

At no time did Plaintiff consent, constructively or otherwise, to such deprivation and detainment, nor was legal consent obtained by law, by court order.

The actions of DEFENDANTS, and each of them, are the legal and proximate cause of plaintiff to sustain the damages and injuries claimed herein associated with the removal of her children from her custody, and injuries and damages suffered subsequently thereafter. which have been ongoing and continuous since the date of removal. Plaintiff has suffered, including without limitation severe and permanent personal, emotional and physical injuries, financial damage amounts presently unknown to the plaintiff, which are expected to continue in the future, subject to proof at trial, if necessary.

As a direct and proximate result of these DEFENDANTS' actions, Plaintiff has suffered, and will continue to suffer permanent physical, mental and emotional injury, wage loss and a future loss of earning capacity, in amounts presently unascertained; plaintiff prays for

PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR DAMAGES - 12

leave when set amounts are ascertained if trial is necessary for settlement  Defendant also prays for permission to amend and insert the same herein with appropriate circumstances set by your Honorable all to an extent in in amounts subject to proof at trial if necessary.

And doing the things alleged herein above, DEFENDANTS And each of them, acted with malice and with the intent to cause injury to Plaintiff, or acted with willful and conscious disregard of the rights of the plaintiff in a Despicable, vial, and contemptible manner. Therefore,  the plaintiff is entitled to an award of punitive damages for purposes of punishing DEFENDANTS and preventing others from such conduct in the future, as according to proof at trial if necessary.

**THIRD CAUSE OF ACTION FOR NEGLIGENCE**
**(By Plaintiff Against Defendants and DOES Unknown Inclusive)**

**COUNT ONE**

The acts and omissions herein and above stated occurred via delivery of public social services (Welf. & Inst. Code, §10051) and child welfare services (Welf. & Inst. Code. §10051), Which are separate and distinct from the  quasi prosecutorial functions entitled to immunity under Gov. Code § 821.6.

Welf. & Inst. Code, §16500 and §16501, Require the county to establish regulations, foster placement and supervision, and said regulations have been established by the county pursuant to those statues best, said regulations have the force of law.

Plaintiff is informed and believes, and on such bases, alleges that the defendant's conduct, which is targeted by this case, was prescribed and restrained by, but not limited to, the following mandatory statutory duties:

To care for and protect any child  that COUNTY DEFENDANTS  has placed into foster care

to ensure that the authority to remove a child existed prior to the actual removal. This includes protection of constitution rights guaranteed by the 4th and 14th Amendments.

Each of the statutes and regulations identified in the immediately preceding paragraph above, prescribe mandatory statutory duties pursuant to Welfare and Institutions Code §1600.1.

After the wrongful removal and detainment, the Plaintiff's children, care is completely and solely in the control of the COUNTY DEFENDANTS, a special relationship existed between the COUNTY DEFENDANTS and a child's parent. Aside from the statutory duties of social workers, in this context, an even greater degree of care is generally owed to children which includes the non invasive unnecessary intrusion of the family unit as an entire entity as a whole. This heightened duty is codified in welfare and institutions code § 1600.1.

DEFENDANTS  negligently seized and withheld Plaintiffs children, then under the care of  maternal grandparents, who were in disagreement with the defendant during this time. plaintiff notified social workers and maternal grandmother of child's medical ailment which was continued to be ignored and untreated in direct instruction of Ben Worall and Roger Rodriquez and unknown Defendant DOES. Defendants withheld  the Defendants youngest child from care as punishment against the Plaintiff. Plaintiff is informed and believes that such inactions was abusive to her child. As a result, her child suffered extreme

PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR DAMAGES - 13

emotional and physical injury while in the care of the Defendant(s) and did injure the Plaintiff as a proximate cause.

But for the SOCIAL WORKER DEFENDANT'S' Negligent failing as detailed above, the Plaintiffs child would not have been injured or otherwise suffered harm in the hands of the County Defendants. As such, each social worker defendant failed to protect plaintiffs child while she was in their care, all in direct violation of the mandate of Welfare and Institutions code §1600.1.

The actions of defendants, and each of them, are the legal and proximate cause of plaintiff to sustain the damages and injuries claimed. Associated with the removal and destruction of parents custody and bond causing the claimed injuries and damages suffered. Thereafter through the present, including without limitation severe and permanent personal, emotional and physical injuries, suffering financial damage in the amounts presently unknown to the plaintiff, which are expected to continue into the future, subject to proof at trial upon trial necessity.

As a direct and proximate result of the negligence and carelessness of the defendants, and each of them, as aforesaid, plaintiff will be required to hire medical doctors, physicians, hospitals and other practitioners indefinitely in the future, for the proper care and treatment of injuries in amounts presently unascertained; Plaintiff prays for leave for set amounts are to be ascertained, and permission amend and insert the upon objection to claims without immediate acceptance of settlement by Defendants if trial is to be necessary and after discovery. As a further direct and proximate result the negligence and carelessness at the defendants and each of them, as aforesaid, plaintiff sustained wage loss and a future loss of earning capacity, and amounts presently and ascertained; plaintiff prays leave when set amounts are ascertained, they may be permitted to amend and insert the same herein with appropriate allegations.

DEFENDANT COUNTIES and it's entities are viciously responsible for the contact of the SOCIAL WORKER DEFENDANTS and DOES unknown inclusive, under Government Code Section 815 .2 and applicable other statutory and case law.

**FOURTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**(By Plaintiff Against COUNTY DEFENDANTS, And DOES Presently Unknown Inclusive)**

Plaintiff realleges, and to the extent applicable, incorporates by reference herein as set forth all paragraphs from the allegations above. Social worker defendants declined throughout the removal and detention process, including but not limited to mistreatment in care as an attempt to cause harm emotionally and physically to Plaintiff.

As a direct result and proximate cause of the conduct of the defendants, and each of them, plaintiff has suffered damages and injuries claimed herein and above, associated with the removal of children from her custody, and seizing of home and searching of home while empty. Injuries and damages suffered subsequently thereafter, which have been ongoing and continuous since the date of intrusion through the presents, including without limitation severe and permanent personal, emotional and physical injuries, suffering financial damage in the Amount presently unknown to the plaintiff, which are expected to continue into the future, subject to proof at trial need be.

PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR DAMAGES - 14

As a direct and proximate result of the negligence and carelessness of the defendants and each of them, aforesaid, plaintiff reiterates damages stated above.

**FIFTH CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS**
**(By Plaintiff Against COUNTY DEFENDANTS, And DOES Presently Unknown Inclusive)**
As above so below

**COUNT ONE**
**(By Plaintiff Against County Defendants and DOES Unknown Inclusive)**

**(UNLAWFUL SEIZURE)**
Under the circumstances of this case, outlined above, minors belonging to the plaintiff that are defined and described as her Penumbra and thus an extension of her, had the right to be free from unreasonable seizure under the Fourth Amendment of the Constitution. The Plaintiff had the Right to not have herself and home seized and searched under the Fourth Amendment of the United States. All in which the right is "clearly established" . Such that a reasonable Sheriff and social worker in a similar situation would know it is wrong to interfere and intrude in such described above actions absent of extintiant circumstances. That right may not be infringed upon without first obtaining a warrant or other court order to do so.

In the absence of extension circumstances, and without any evidence to suggest that imminent danger of any kind would occur at the hands of the plaintiff then or after, the defendants and each of them acting under color of law, agreed and/ or conspired to unlawfully seize and detain The Plaintiff, her Penumbra and her home. COUNTY DEFENDANT'S' conduct was without proper justification or authority, and without probable cause, consent, exigency or court order. ( see, Mabe versus County of San Bernardino ( 2001) 237 F.3d 1101). further, County defendant actions were taken with deliberate interference of plaintiffs Rights.

Defendants and each of them conspired to violate the civil rights of the plaintiff including those rights found in the Fourth Amendment of the United States Constitution by, but not limited to, aiding and abetting each other in an unlawful search and seizure at Plaintiffs home then after and without warrant or court order, removal of children from her care and bond, all without consent or to warrant probable cause, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth Amendment, as well as those rights under applicable California law. DEFENDANTS acted with a common objective; without any regard to the law or rights of the Plaintiff, and in appearance of deliberate intent to boast of their authority over the Plaintiff.

As a direct and proximate result of the DEFENDANTS' Actions again damages stated above are reiterated and solidified with those authorized by 42 U.S.C. Section 1988, to an extent and in the amount subject to settlement or objection to it by Defendants.

**COUNT TWO**
**(Familial Association)**

PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR DAMAGES - 15

(By Plaintiff Against COUNTY DEFENDANTS, And DOES Presently Unknown Inclusive)

Plaintiff is informed and believe and therefore alleges that the right to familial association guaranteed under the Fourteenth Amendment is" clearly established", such that a reasonable Deputy Sheriff and or social worker and all unknown defendants in similar situation would know it is unlawful to remove a child from the care, custody, and control of its parents or to question, examine, or search a home in the absence of exigent circumstances without first obtaining a warrant to do so. In addition, there is a clearly established due process right not to be subjected to false accusations on the basis of false evidence that was deliberately fabricated by the government such that a reasonable social worker and or sheriff in these defendants situation would know it is unlawful to lie, fabricate evidence, and suppress exculpatory evidence.

Commencing on January 20th 2017, and continuing thereafter, defendants, and each of them, we're acting under color of state law when they agreed, or conspired to unlawfully remove, detain, question, threaten, examine, investigate, search, and or falsely report all regarding plaintiff. Defendants did so without proper justification or authority, and without probable cause, exigency, or court order. ( see Mabe versus County of San Bernardino 2001 237 f.3d 1 1 0 1)

Further, defendants' actions were taken with deliberate indifference to plaintiff's rights. Defendants, and each of them, maliciously conspired to violate the civil rights of the plaintiff, including violation of the plaintiff's rights found in the 14th Amendment of the United States Constitution, by, but not limited to, removing, detaining, and continuing to withhold plaintiffs children from the care, custody, and control of her without proper or just cause and or authority; by subjecting her and her penumbra to a system of authority; by the use of coercion. Using capable authority to seize her home without arrest for such claimed evidence; and by maliciously falsifying evidence, and presenting fabricated evidence to the court, and maliciously refusing to provide exculpatory evidence dependency proceeding and violation of Government Code §820.21, and violating the Constitutional Rights of the plaintiff.

By these actions, defendants, and each of them, interfered and or attempted to interfere with plaintiff's constitutional rights to familial Association, and rights to be free of charges based on false evidence, both such rights arising under the Fourteenth Amendment, as well as those rights under applicable California law rising to the level of a constitutionally protected right.

As the direct and proximate result of these defendants actions, plaintiffs have suffered, and will continue to suffer permanent physical, mental, and emotional injury, all to an extent and in an amount subject to proof at trial if so necessary.

## SIXTH CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. §1985
(By Plaintiff Against COUNTY DEFENDANTS, And DOES Presently Unknown Inclusive)

Plaintiff re-alleges, and to the extent applicable,  incorporates by reference herein as if set forth in full, all paragraphs from the allegations above. Defendants, and each of them,

acting under color of law, conspired to deprive and did deprive the plaintiff of their rights under the laws of the United States.

Specifically, defendants conspired to, and did, unlawfully seize Plaintiff's residence and search it then immediately after remove the plaintiff from the ability to care for and be physically bonded to her children, all without a warrant, court order, consent, probable cause, or extingent circumstances without even a response or allegation of wrongdoing for an unreasonable period and continued so after any alleged basis for detention had been negated.

In addition the defendants, and each of them, conspired to use trickery, duress and fabrication and/ or false testimony or evidence, failed to disclose exculpatory evidence in/and with preparing and presenting reports and court documents to the court. The conduct of defendants and each of them, interfered with plaintiff's right to be protected against unlawful seizure and or search under the Fourth Amendment of the Constitution of the United States and the right to familial association free from government interference as guaranteed by the Fourteenth Amendment of the Constitution of the United States.

Defendants engaged in conspiracies for the purpose of depriving the Plaintiff of equal protection of the laws of the State of California and the United States, and deprived her of her rights under the Constitution of the United States and the State of California.

County defendants, and each of them, took several acts in furtherance of the conspiracy, including but not limited to: unlawfully removing and detaining children from the care of a good mother without a warrant, or order, consent, probable cause, or exigent circumstances; all for an unreasonable time and is continued to the present. After any alleged basis for detention has been negated; and by procuring false testimony, fabricating evidence, and failing to disclose exculpatory evidence in preparing and presenting a dependency proceeding, the plaintiff suffers and will continue to suffer as a direct cause of the Defendants actions fees, cost, and expenses including those authorized by 42 U.S.C. section 1988 to an extent and in an amount subject to proof at trial if required to do so.

**SEVENTH CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. §1986**
**( By All Plaintiffs) Against Counties and DOES 1 through 100 Inclusive)**

Defendants, and each of them, maintained at all times relevant to this complaint, customs and practices which were the driving force behind their conspiracy to interfere with plaintiff's civil rights in violation Of 42 U.S.C. §1985, as alleged above. Such customs and practices include unreasonable seizures in violation of the Fourth Amendment of the U.S. Constitution; unlawful removal and Detention of minor children; denial of the right to a hearing on said detention within 72 hours of removal; continued detention after any alleged basis for detention has been negated; and the procuring a false testimony, fabrication of evidence, and refusal to disclose exculpatory evidence and preparing and presenting reports and documents to the court in relation to dependency proceedings, all in violation of the right to familial association under the due process clause of the Fourteenth Amendment.

Defendants, and each of them, having at all times relevant to this complaint had knowledge of the customs and practices that led to the conspiracy to interfere with the plaintiff's civil rights. All defendants, and DOES unknown, knew that the other individual

PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR DAMAGES - 17

defendants were conspiring to commit the wrongs noted above, and we're going to commit them. This can and will be produced at trial should the Defendants choose to not settle in the asked amount of net $250,000.

Despite their knowledge, defendants, and each of them refused or neglected to prevent the remaining defendants from committing these wrongs in violation of 42 U.S.C. section 1985. Plaintiff did in fact suffer the deprivation of numerous rights granted to citizens of the United States, including those under the Fourteenth Amendment that protects against the unlawful seizure of one's person or home or Penumbra of such under a person's liability and responsibility and claim to their tax dependency, including those under 14th Amendment that protect the right of familial Association Under due process clause of the Fourteenth Amendment.

Defendants, and each of them, have at all times relevant to this complaint had knowledge of the customs and practices that led to the conspiracy to interfere with plaintiff civil rights. All defendants, and DOES unknown inclusive, knew that the other individual defendants were conspiring to commit the wrongs noted above and were going to commit them.

Defendants, and each of them, had the power to prevent the commission of these wrongs, through the notification of the proper superiors and authorities, and or through the implementation of policies and procedures and training programs that would educate and enlighten employees as to the civil rights of the citizens of the United States and the state of California.

Despite their knowledge, defendants and each of them, refused or neglected to prevent the remaining defendants from committing these wrongs in violation of 42 U. S. C. section 1985. plaintiff did in fact suffer the deprivation of numerous rights granted to citizens of the United States, including those under the Fourteenth Amendment that protect against the unlawful search and seizure and those under the Fourteenth Amendment that protects the right to familial association. All this could have been prevented by the Defendants through reasonable diligence.

As the direct and proximate result of these defendants' actions, and omissions and inactions, the plaintiff has and will continue to suffer permanent; physical, mental, and emotional injury, to an extent as stated above.

**EIGHTH CAUSE OF ACTION FOR VIOLATION OF STATE CIVIL RIGHTS**
**(By Plaintiff Against County Defendants and Unknown DOES Inclusive)**

Plaintiff realleges s, and to the extent applicable, incorporates by reference herein, as if in full, all paragraphs from above.

Pursuant to Government code § 815 .2 subd. (b), The county is immune from liability if, and only if, the employee is immune.

Defendants and each of them, or individuals who were acting under color of state law and doing the things alleged herein above, each of the individual defendants and DOES unknown inclusive, maliciously participated in, maliciously conspired with, approved of, and or aided and abetted the conduct of the remaining defendants.

As a result of defendant's conduct, by the use of threats, intimidation and coercion, plus attempts to threaten and intimidate and/or coerce to interfere with the plaintiffs rights to exercise and enjoy that set forth and secured by the United States Constitution and other

PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR DAMAGES - 18

federal laws. Including but not limited to California civil code §43, §49, §51, §52 (the Unruh Civil Rights Act), and §52.1.

As to All County defendants such conduct includes, but is not limited to; Defendant government bodies that are vicariously responsible for the conduct of their respective employees and DOES unknown inclusive, under California government code section 815.2. and other applicable statutory and case law. As a direct and proximate result of the defendant's actions, plaintiffs have suffered and will continue to suffer physical, mental and emotional injury, all to an extent and in an amount as stated above in the ways stated above.

## NINTH CAUSE OF ACTION FOR EMOTIONAL DISTRESS
### (By Plaintiff Against County Defendants and Unknown DOES Inclusive)

Defendants and each of them, or individuals who were acting under color of state law and doing the things alleged herein above, each of the individual defendants and DOES unknown inclusive, maliciously participated in, maliciously conspired with, approved of, and or aided and abetted the conduct of; extreme, outrageous unlawful and unprivileged conduct including but not limited to all allegations stated above and without court order or exigent circumstances; were unreasonable after any alleged basis for detention had been negated; perjured testimony and fabricated evidence to support their false and malicious allegations any of the Plaintiffs children were neglected and or abused by her; failing to disclose exculpatory evidence; questioning and obtaining testimony from plaintiffs through the use of undue influence coercion and duress; and continuing to harass annoy and lie to the plaintiff and others of the plaintiffs nature, and otherwise interfere with plaintiff's life for the purpose and intent to cause emotional distress on a continual basis.

As a direct and proximate result of the County's defendants extreme and outrageous conduct, plaintiff suffered extreme emotional and physical distress including, but not limited to, frite, nervousness, sleepiness, anxiety, worry, mortification shock, humiliation and loss of dignity to an extent and in an amount subject to proof at trial if trial is required.

The actions of the defendants, and each of them, are the legal proximate cause and effect thereof as stated above.

Defendants acted knowingly, willingly and maliciously with intent to cause severe harm to the Plaintiff and therefore, she is entitled to an award of punitive damages for the purpose of punishing defendants and to deter them and others from such conduct in the future, with the exception of any Municipal defendant.

## TENTH CAUSE OF ACTION FOR SLANDER

### COUNT ONE
### (By Plaintiff Against County Defendants and Unknown DOES Inclusive)

PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR DAMAGES - 19

Plaintiff realleges and inserts to the extent applicable, to incorporate by reference here and as if set forth in full, all paragraphs from above into that below.

Defendant's government bodies, are vicariously responsible for the conduct of their respective employees, and DOES unknown inclusive, under California code section 815.2. and other applicable statutory and case law.

In addition, the conduct of defendants, and each of them, as alleged here and above. actions with malice to instill oppression and using fraud and title, with the intent to injure and or otherwise harm the plaintiff. Therefore, the plaintiff is entitled to an award of punitive damages for the purpose of punishing the Defendants and to deter them and others from such conduct in the future.

Defendants and each of them intentionally and maliciously intruded upon the plaintiffs privacy without a warrant and in the absence of exigent circumstances, and without a warrant, and without any evidence to suggest that imminent danger and/or serious bodily injury at the hands of the Plaintiff.

As a direct proximate result of the defendants actions, the plaintiff has suffered and will continue to suffer physical, mental and emotional injury as stated above as direct proximate cause and effect of Defendants. DEFENDANTS acted with malice and with the intent to cause injury to the Plaintiff by acting with willful and conscious disregard of the rights of the plaintiff in a despicable, vial, and contemptible manner. Therefore, the plaintiff is entitled to an award of punitive damages for purposes of punishing DEFENDANTS and preventing others from such conduct in the future, as according to proof at trial.

**ELEVENTH CAUSE OF ACTION FOR NEGLIGENT BREACH OF DUTY** (By Plaintiff Against County Defendants and Unknown DOES Inclusive)

Defendants are vicariously liable for misuse of official authority included in, above and after, for all involvement knowingly, to the duties for personal purposes. (Van ort v. Estate of Stanewich, 1996 9th Cir Cal) 54 Cal 3d 202 285 Cal rptr 99 814 P2d 1341 1991 Cal LEXIS 743.    City and County defendants are not immune per Government Code §815.2 are their superiors, allowing, omitting and encouraging the despicable and vile behaviors above and below as stated. (Garcia versus city of Merced) Statutory basis for bringing suit against public entity defendants by citing Government Code §815.2 where alleged State law claims for assault and battery by a peace officer, abuse of process, false arrest and imprisonment, definition per se and violation of California Civil Code 52. 1 2008 Garcia V city of Merced decal 637 F supp 2D 731-2008 us dist Lexus 2135.)

Executing a knowingly fraudulent warrant was not instituting or prosecuting any judicial or administrative proceeding and in giving §821.6 immunity is generally perceived as prosecutorial immunity and therefore in that instance immunity from prosecution. defendants assertion of immunity for public employees is qualified and in actions stated above disqualifies Defendants from immunity in this case and its entirety.

**TWELFTH CAUSE OF ACTION MONELL-RELATED CLAIMS**

**COUNT ONE**
(By Plaintiff Against County Defendants and Unknown DOES Inclusive)

PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR DAMAGES - 20

Defendant social workers' including through its entities', and not limited too, Established and or followed policies, procedures, customs and or practices: the policy of detaining and or removing children from their home and family without exigent circumstances ( imminent danger of serious physical injury) , court order and or consent: and/or the policy of removing children from their family and home without first obtaining a warrant when no exigent circumstances exist. The policy of removing and detaining children, and continuing to detain them for unreasonable or non existing reasons. Continue to detain after alleged basis for detention is negated: The policy of using trickery, duress, fabrication, and or false testimony and or evidence, and preparing and presenting reports and court documents to the court, causing and interference with the plaintiff; rights, including those as familial relations; and by acting with deliberate indifference in implementing a policy of inadequate training, and or by failing to train its officers, agents, employees and state actors, and/or providing the Constitutional protections guaranteed to individuals, including those under the Fourth Amendment and the Fourteenth Amendment, when performing actions related to child abuse and dependency type proceedings.

The policy of making false allegations in a juvenile dependency type petition, for example, alleging that a parent has failed to protect a child under welfare and institutions code 300b, where there is no evidentiary basis to support the charge. ( this list is not exhaustive do to the pending nature of Discovery and the privileged and protected records investigative and juvenile dependency type proceedings, all of which have not yet been received by the plaintiff reserve her right to amend this pleading as more information becomes available)

The County of Sacramento, including by and through it's entities including its management, breached its duties and obligations to plaintiff, including but not limited to, failing to establish, implement and follow the correct constitutional policies, procedures, practices and customs; by failing to properly select, constitutional policies procedures practices and customs; by failing to properly select, supervise train, control and review its agents and employees as to their compliance with constitutional safeguards with deliberate indifference; and by knowingly or with deliberate indifference, permitting the social worker defendants, County Officers and DOES unknown inclusive, to engage in the unlawful and unconstitutional conduct as herein alleged.

Defendants knew, or should have known, that by breaching the above mentioned duties and obligations that it was foreseeable that it would, and did, cause plaintiffs to be injured and damaged by its wrongful policies and acts as alleged herein, and that such breaches occurred in contradiction of public policy, legislative intent, it's legal duties and obligations to plaintiff; and that such policies practices customs and procedures were the moving force behind the Constitutional violations alleged herein and above.

These actions, and/or inactions, of a defendant county, are the direct and proximate cause of Plaintiff's injuries, as alleged herein; and as a proximate result, Plaintiff has sustained general and special damages to an extent and in an amount to be proven at trial if settlement in the amount of $250,000 is not immediately accepted by Defendants. In addition, plaintiff has incurred, and will continue to incur, costs and expenses, including

PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR DAMAGES - 21

those as authorized by 42 United States Constitution code §1988, to an extent and in an amount subject to proof at trial if necessary.

**COUNT TWO**
**(By Plaintiff Against County Defendants and Unknown DOES Inclusive)**

District, established and/or followed policies, procedures, customs, and or practices ( hereinafter referred to collectively as " policy " or " policies ") which policies were the moving force behind the violations of plaintiffs constitutional rights, including those arising under the 4th and 14th amendments, by and through, but not limited to, the following policies, practices, customs, and or procedures: the policy of detaining and or having children removed from their family and homes without exigent circumstances (imminent danger of serious physical injury), court order and or consent;
As listed in count one of this Cause of Action

If Sheriff Jones and Internal Investigations of Sacramento County or Risk Management did any actions in accordance with their title and duty, I firmly believe Stephon Clark would still be alive because this conduct would have been addressed and stopped before he was killed by Sacramento Sheriff Deputies in his Grandmother's backyard.

Dated this Day of June 21, 2021

Desiree Peterson

| FACT | DEFENDANT(S) | LIABILTY | CAUSE FOR CLAIM | CAUSE KEY | AUTHORITIES FOR CAUSES | STATEMENT OF CLAIM | ENTITLEMENT |
|---|---|---|---|---|---|---|---|
| | | | | 1. ASSAULT | Gov. Code § 815.2, subd. (a) | | |
| Unwarranted entry into home | Roger Rodriguez and Sacramento Deputy Doe | Gov. Code § 815.2,  Doctrine of respondeat superior to the same extent as the private employer wilful and conscious disregard of the rights of Plaintiff, 4th ammendment | 1-12 | 2. FALSE IMPRISONMENT | Gov. Code § 815.2 subd. (b), | direct and proximate cause of a+ b+ c | a-f |
| Plaintiffs aware kids were safe | Roger Rodriguez and Sacramento Deputies Does 1-3 | 14th ammendment | 1-12 | 3.NEGLIGENCE | State Law Battery claim with Unlawful Seizure | direct and proximate cause of a+ b+ c | a-f |
| Internal investigations dismissed allegations and never contacted Plaintiff | Sheriff Jones and Internal Investigations of Sacramento County Sheriff Department | monell and wilful and conscious disregard of the rights of Plaintiff 815.2 | 1-12 | 4. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS | 4th Ammendment | direct and proximate cause of a+ b+ c | a-f |
| Ombudsman and all managers of HHS did not give cause for removal to Plaintiff for 7 days | Sacramento County Department of Health and Human Services, Manager Sandra, Ombudsman, Roger Rodriguez and unknown Does Inclusive | monell and wilful and conscious disregard of the rights of Plaintiff 815.2 | 1-12 | 5. VIOLATIONS OF CIVIL RIGHTS | Brown versus Ransweiler ( Cal. App.4 Dist., 2009) 171 Cal.App 4th 516, 527. | direct and proximate cause of a+ b+ c | a-f |
| Meeting without Plaintiff | Sacramento County Department of Health and Human Services, Manager Sandra, Ombudsman, Roger Rodriguez and unknown Does Inclusive | 14th ammendment Gov. Code § 815.2,  Doctrine of respondeat superior to the same extent as the private employer wilful and conscious disregard of the rights of Plaintiff, 4th ammendment monell and wilful and conscious disregard of the rights of Plaintiff 815.2 | 1-12 | 6. VIOLATION OF 42 U.S. C. 1985 | California Code of Civil Procedure §376 | direct and proximate cause of a+ b+ c | a-f |
| Documents that state child not seized when she was | Sacramento County Department of Health and Human Services, Manager Sandra, Ombudsman, Roger Rodriguez and unknown Does Inclusive | monell and wilful and conscious disregard of the rights of Plaintiff 815.2 | 1-12 | 7. VIOLATION OF 42 U.S. C. 1986 | Welfare and institutions code §1600 .1 | direct and proximate cause of a+ b+ c | a-f |
| Rodriguez filed emergency petition for other parents without notice and stated pictures of paraphinilia existed and did not produce this to court | Roger Rodriguez | 14th ammendment and Gov. Code § 815.2 deliberate and conspiring | 1-12 | 8. VIOLATION OF STATE CIVIL RIGHTS | Scot versus County of Los Angeles, (1994) 27 Cal.App.4th 125 | direct and proximate cause of a+ b+ c | a-f |
| 7 day late warrant | Roger Rodriguez and Sacramento Deputies Does 1-3 and Sacramento County Department of Health and Human Services, Manager Sandra, Ombudsman, Roger Rodriguez and unknown Does Inclusive | collective disregard of county as a whole | 1-12 | 9. EMOTIONAL DISTRESS | Gov. code§ 820.4 | direct and proximate cause of a+ b+ c | a-f |
| Spoke to Plaintiffs family and stated unproven allegations and claims against mother, drivers license suspended and drugs found in home | Roger Rodriguez and Sacramento Deputies Does 1-3 and Sacramento County Department of Health and Human Services, Manager Sandra, Ombudsman, Roger Rodriguez and unknown Does Inclusive | HIPAA violations and false statements, slander, malicious intent to harm, 14th ammendment | 1-12 | 10. SLANDER | Welf. & Inst. Code, §10051 | direct and proximate cause of a+ b+ c | a-f |
| Defendants aware of sell of Plaintiffs home and would not allow her to move with boyfriend and daughter causing her to be homeless | Roger Rodriguez and Sacramento Deputies Does 1-3 and Sacramento County Department of Health and Human Services, Manager Sandra, Ombudsman, Roger Rodriguez and unknown Does Inclusive | county managers and hhs as a whole conspired to cause harm | 1-12 | 11. NEGLIGENT BREACH OF DUTY | Welf. & Inst. Code, §10052 | direct and proximate cause of a+ b+ c | a-f |
| Cdat refused to allow Plaintiff to speak to MRO and would not release file to Plaintiff mother | Jason Tastides and CDAT testing facility | 14th ammendment and wilful and conscious disregard for rights of Plaintiff | 1-12 | 12. MONELL RELATED CLAIMS | Gov. Code § 821.6. | direct and proximate cause of a+ b+ c | a-f |
| Cdat recieved a NO TEST as a result and did not disclose this fact to the court | Jason Tastides and CDAT testing facility | perjury and slander and intent to cause harm to constitionally held protections | 1-12 | | Welf. & Inst. Code §16500 and §16501 | direct and proximate cause of a+ b+ c | a-f |
| Solano County Director of HHS has failed to address matter and his duty under title 4e | Director Huber of Solano County Health and Human services | Conspired to withhold PLAINTIFFS children without cause and refusal to mediate or correct employees and staff violating any constitutionally held bonds and violation of title 4e responsibilityin his direct authority and compacity | 1-12 | | 14th Amendment | direct and proximate cause of a+ b+ c | a-f |
| | | | | | 815.2 | | |
| | | | | | Mabe versus County of San Bernardino ( 2001) 237 F.3d 1101) | | |
| | | | | | 42 U.S.C. Section 1988 | | |
| | | | | | Government Code §820.21 | | |
| | | | | | 42 U.S.C. §1985 | | |
| | | | | | 42 U.S.C. §1986 | | |
| | | | | | California civil code §43, §49, §51, §52 (the Unruh Civil Rights Act), and §52.1. | | |
| | | | | | Van ort v. Estate of Stanewich, 1996 9th Cir Cal) 54 Cal 3d 202 285 Cal rptr 99 814 P2d 1341 1991 Cal LEXIS 743 | | |
| | | | | | Garcia versus city of Merced | | |
| | | | | | California Civil Code 52. 1 2008 Garcia V city of Merced decal 637 F supp 2D 731-2008 us dist Lexus 2135. | | |
| | | | | | MONELL | | |

Defendants

SACRAMENTO COUNTY DEFENDANTS
1. ROGER RODRIGUES ᵂ˸ Office
   Building 3 (OB3) - 3701
   Branch Center Road,
   Sacramento 95827 M- F 8:00
   am - 5:00 pm  H: 3962
   Thornhill Drive,
   Sacramento CA 95826

   **SASHA BOBRICH** W: 6015|6045
   Watt Avenue, North
   Highlands 95660 Phase I
   (6015) Monday - Friday
   8:00 am - 6:00 pm Phase II
   (6045) Monday - Friday
   8:00 am - 5:00 pm
2. SANDRA RANDOLPH Office
   Building 3 (OB3) - 3701
   Branch Center
   Road,Sacramento 95827 M- F
   8:00 am - 5:00 pm
3. JASMINKA RAINEY Office
   Building 3 (OB3) - 3701
   Branch Center Road,
   Sacramento 95827 M- F 8:00
   am - 5:00 pm H: 9937 W
   Taron Drive, Elk Grove CA
   95757
4. BEN WORRALL W: 3331 Power
   Inn Road, Sacramento 95826

   Monday- Friday 8:00 am -
   5:00 pm
5. SCOTT R JONES Civil Bureau
   3341 Power Inn Road #313
   Sacramento, CA 95826
   916.875.2665 916.875.2664
   (fax) civil@sacsheriff.com
6. Internal investigation
   communications mailing
   address: PO Box 988,
   Sacramento
   CA 95812
7. DEPUTY PIETRICK PO Box
   988, Sacramento CA 95812
8. DEPUTY BRUCKER PO Box 988,
   Sacramento CA 95812
9. DEPUTY DANIELS PO Box 988,
   Sacramento CA 95812
10. SOLANO COUNTY DEFENDANT
    Director Gerald
Huber,Department of Health and
Social Services
    Solano County Child
    Welfare Services Division,
    PO Box
    12000, MS 5-230 MS-13,
    Vallejo CA 94590
(as in individual entity that
represents Health and Human
Services)

DEFENDANTS

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis.*

---

**I.    The Parties to This Complaint**

**A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name — Desiree Peterson

Street Address — 1632 Ontario St

City and County — Fairfield CA 94533

State and Zip Code —

Telephone Number — 707 803 3920

E-mail Address — DesireeAlwaysWins@gmail.com

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name — Listed on Last Page

Job or Title
(if known)

2

(if known)

Street Address    _____

City and County    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____
(if known)

☒    Individual capacity      ☐    Official capacity

II.    **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any
rights, privileges, or immunities secured by the Constitution and [federal laws]." Under
*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388
(1971), you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

     ☐    Federal officials (a *Bivens* claim)

     ☒    State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or
immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If
you are suing under section 1983, what federal constitutional or statutory right(s)
do you claim is/are being violated by state or local officials?

4th ; 14th Amendments
Their dutys and obligations
listed in Causes of Action 1-12

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain
constitutional rights. If you are suing under *Bivens*, what constitutional right(s)
do you claim is/are being violated by federal officials?

_____

_____

_____

4

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Presented Authority based on title and performed illegal Activies under those capacities and on payed time.

III.   **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   Where did the events giving rise to your claim(s) occur?

Orangevale CA
then
Fairfield CA

B.   What date and approximate time did the events giving rise to your claim(s) occur?

Jan 20th 2017
Dec 28 ~ 29th 2016
until 2019

C.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

3 unwarranted enterys + searches in Orangevale
Seizure of self + children
False Statements + Documents to Juvinile Court
Did not correct or explain or prove actions
Slander to family led to money lost in Sale of Home + Job ability, earning ability. trauma

_____
_____
_____
_____
_____
_____
_____

**IV.   Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and
state what medical treatment, if any, you required and did or did not receive.

emotional Distres
emotion instability (spontaneous crying)
Ive had chiropractor and
conconcions where Sheriffs Did
Not respond to assault after, in ~ 2018
Loss of equity from sale of home in orangevale
bias in Solano because of Sacramento's Slander and Lies
The Last Job I was fired and I cannot work without
crying or debating this issue with people.
They forced me to be homeless, caused 2
illegal tower + vehicles
costs of copys and
filings and devices
and stress.

**V.   Relief**

State briefly what you want the court to do for you.  Make no legal arguments. Do not
cite any cases or statutes.  If requesting money damages, include the amounts of any
actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis
for these claims.

$ 100,000  is the equity lost
directly from sale of home, Not able
to finish or negotiate because of Sacramento,
$ Sheriff did not investigate or repremand or
even call me and after, Stephon Clark
was Murdered in his omas property
and female that entered my home was arrested for
having sex with a 16 year old.
$ future unknown rough  3 theraputic costs
$ the Costs of  possible PTSD permanently.
6

**VI.   Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____21_____ 20_21_

Signature of Plaintiff _____

Printed Name of Plaintiff __Desiree Peterson__

7