UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE PETERSON,<br><br>   Plaintiff,<br><br>   v.<br><br>COUNTY OF SACRAMENTO SHERIFF'S DEPARTMENT, *et al.*,<br><br>   Defendants. | Case No.  2:18-cv-00836-KJM-JDP (PS)<br><br>**ORDER**<br><br>DENYING PLAINTIFF'S MOTION TO E-FILE AND DENYING HER MOTION FOR AN EXTENSION OF TIME AND WAIVE COPYING FEES<br><br>ECF Nos. 21 & 23 |

Plaintiff, proceeding *in forma pauperis* and without counsel, filed this civil rights action against various Sacramento County Departments and employees.  Plaintiff has filed a motion to e-file, ECF No. 21, and a motion for an automatic extension of time and a waiver of costs for copies, ECF No. 23.  For the following reasons, I will deny both.

Motion to E-File

Plaintiff requests permission to electronically file documents through the court's electronic case management system.  ECF No. 21.  She notes that she has read the local rules concerning e-filing and that her PACER account is active.  *Id.*  Plaintiff further explains that she suffers financial harm by mailing in her filings and that her receipt of court filings through the mail leaves her with inadequate time to respond.  In lieu of granting her motion, plaintiff asks that

1 the court allow her an additional two weeks for all future deadlines. *Id.*

2 The Local Rules generally require pro se parties to file and serve paper documents. *See*
3 Local Rule 133(a). Pro se litigants may only utilize electronic filing if they receive permission
4 from the assigned district judge or magistrate judge. Local Rule 133(b)(2). To request an
5 exception, the party must file "[a] motion[ ] setting out an explanation of reasons for the
6 exception." Local Rule 133(b)(3).

7 While plaintiff states that she has reviewed the local rules for e-filing, it is not clear
8 whether plaintiff is aware of the requirements applicable to e-filing in this court, specifically,
9 whether she has access to the hardware and software needed for e-filing, regular access to the
10 internet, a word processing program, PDF conversion software to convert word processing
11 documents into .pdf format, and a scanner for exhibits or other supporting documents that only
12 exist in paper format. Accordingly, the court will deny plaintiff's motion without prejudice.

13 Plaintiff may file a renewed motion that is accompanied by a declaration stating that:
14 (1) she is aware of the e-filing requirements in this court[1] and agrees to abide by them;[2]
15 (2) indicating whether she has access to the hardware and software necessary for electronic filing;
16 and (3) indicating whether she has regular access to the internet, an email account for receiving
17 notifications from the electronic filing system, a PACER account, a word processing program,
18 PDF conversion software to convert word processing documents into .pdf format, and a scanner
19 for exhibits or other supporting documents that only exist in paper format.

20 <u>Motion for an Automatic Extension of Time and Waiver of Coping Fees</u>

21 Plaintiff seeks an automatic extension of time on all future deadlines and asks that the
22 court either waive fees she incurs by making copies of documents for defendants or charge the
23 defendants for the copies. ECF No. 23. As an initial matter, no defendant has been served in this
24 action, and therefore plaintiff has not been required to make copies for any defendants.

---

[1] Rules related to e-filing in this district are available on the court's website at: https://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/rules-pertaining-to-electronic-filing/.

[2] Plaintiff is advised that if the court approves her to file documents electronically, she will no longer receive documents by mail, and she will no longer be able to submit filings by mail.

2

Moreover, plaintiff's *in forma pauperis* status does not allow for the court either to waive fees she incurs for copying documents or to charge the defendants her copying fees. *See Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989). In terms of future extensions of time, the court will not carte blanche grant plaintiff additional time. Should plaintiff need additional time, she can file a motion supported by good cause identifying which deadline she seeks to extend.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to e-file, ECF No. 21, is denied.

2. Plaintiff's motion for an automatic extension of time and to waive copying costs, ECF No. 23, is denied.

IT IS SO ORDERED.

Dated:   August 14, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3