UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE PETERSON, | Case No. 2:18-cv-0836-DC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO SHERIFF'S DEPARTMENT, *et al.*, | |
| Defendants. | |

Desiree Peterson ("plaintiff") brings this action against the County of Sacramento Sheriff's Department and numerous other county defendants. The complaint is non-compliant with Rule 8 and, moreover, seems to center around issues of child custody, rendering it inappropriate to proceed in federal court. I will dismiss the complaint with leave to amend and give plaintiff one opportunity to file an amended complaint that explains why this action should proceed.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

At a fundamental level, the complaint suffers from a lack of organization and, ultimately, fails to put each of the defendants (including an uncertain number of unidentified "Doe" defendants) on notice of the claims against them. Plaintiff asserts several causes of action at the outset, ECF No. 1 at 1-3, but does not provide the facts that give rise to each. Instead, she appends an "indisputable material facts" attachment that, in a two-column format, asserts that certain brief, uncontextualized "facts" are "not disputed for the purposes of this motion." *Id.* at 5-7. I cannot tell why plaintiff is utilizing this format, but it is unnecessary, because it logically follows that she does not dispute the allegations made in her own complaint. To the extent she believes that defendants should not dispute her claims, such an assertion is premature because none have been served and, if they are made to answer, will either admit or deny her allegations

2

in due course.

Plaintiff then attaches two exhibits, one of which is a log of welfare checks for plaintiff's children and states that, on January 9, 2017, she refused entry for child protective service employees who sought to conduct a safety check. *Id.* at 11. Then, on January 20, 2017, the log states that a law enforcement officer was sought because CPS staff were again refused entry to the home. *Id.* at 12. A separate exhibit contains a "child protective services request for order" seeking to restrict plaintiff's custody, after an inspection allegedly revealed drug paraphernalia accessible to children in the home. *Id.* at 17. Federal courts should not adjudicate issues related to child custody. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("We conclude, therefore, that the domestic relations exception, as articulated by this Court . . ., divests the federal courts of power to issue divorce, alimony, and child custody decrees."); *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) ("[T]he federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including the custody of minors and *a fortiori*, rights of visitation. For that matter, the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter.") (internal citations and quotation marks omitted). This holds true where the issue to be litigated is the validity of a child custody warrant. *See Adam v. Child Protective Servs.*, No. 2:14-cv-2091 MCE GGH PS, 2014 U.S. Dist. LEXIS 150262, *3 (E.D. Cal. Oct. 22, 2014) ("The attachments to the complaint indicate that a protective custody warrant was issued in regard to plaintiff's child on April 14, 2014. It is inappropriate for a federal court to interfere in this family law matter pending in state court."). It is unclear, in the present case, whether child custody or welfare proceedings remain pending in state court. Plaintiff may indicate as much in her amended complaint.

The remainder of the complaint, including the attached "memorandum" is inadequately plead to raise any cognizable claim. Therein, plaintiff vaguely alleges wrongdoing in the "child seizure warrant" process, including the use of "slander and other false statements." ECF No. 22 at 25. She also claims that the Sacramento County Sheriff's Department failed to discipline its officers in connection with entry into her home but fails to offer any specifics or explain why the failure of a county agency to internally discipline its members gives rise to any viable state or

federal claim.

I will give plaintiff a final opportunity to amend and explain why this action should proceed. The amended complaint should be entitled "Sixth Amended Complaint."[1] Plaintiff is advised that the amended complaint will entirely supersede its predecessor and must be complete in itself.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's amended complaint, ECF No. 22, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiffs shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated: July 31, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] Although plaintiff is on her fifth complaint, the court has only screened her claims twice. The remainder of the amended complaints were filed after plaintiff herself sought leave to amend.