UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DESIREE PETERSON,

Plaintiffs,

v.

COUNTY OF SACRAMENTO
SHERIFF'S DEPARTMENT, *et al.*,

Defendants.

Case No.  2:18-cv-0836-DC-JDP (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiff, proceeding without counsel, alleges that defendants violated her rights when they entered and searched her home during a child welfare check in 2017.  This is plaintiff's sixth amended complaint, and I find that it fails to state a viable federal claim.  Accordingly, I now recommend that this action be dismissed.

Screening Order

I.      Legal Standard

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.     Analysis

Plaintiff's sole federal claim is that, in December 2016 and January 2017, defendants entered her home without a warrant to conduct a child welfare check. ECF No. 29 at 4. She claims that no children were present and that exigent circumstances did not exist to justify a warrantless entry. *Id.* Documents attached to the complaint, however, appear to indicate that the entry was not warrantless. There is a warrant attached, dated January 27, 2017, wherein a state court judge found that a minor child in the house was in imminent danger because of the child's physical environment. *Id.* at 19. Additionally, it appears that plaintiff's boyfriend, who either owned or, at least, resided in the property, had a warrant applicable to him. *Id.* at 11. Finally, a document attached to the complaint indicated that exigent circumstances did exist, insofar as a home inspection was needed to confirm the well-being of a nine-month-old infant. *Id.* at 12. A

2

document dated January 24, 2017, indicates that a social worker's inspection of the home found drug paraphernalia accessible to a child. *Id.* at 17.

At a more fundamental level, it appears that this lawsuit impermissibly seeks to litigate issues relating to child custody. Plaintiff alleges that defendants made false statements in obtaining a child seizure warrant and falsely accused her of using drugs and driving under the influence. *Id.* at 5. Issues of child custody are reserved to the states. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) ("One of the principal areas in which this Court has customarily declined to intervene is the realm of domestic relations.").

Given that plaintiff's lone federal claim is non-cognizable, I find it would be inappropriate for the court to exercise pendent jurisdiction over her state law claims. *See Gini v. L.V. Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (citation omitted).

Plaintiff has been afforded multiple chances to amend, and she appears no closer to stating a cognizable federal claim. Accordingly, I now recommend that this action be dismissed without leave to amend.

Conclusion

Accordingly, it is hereby RECOMMENDED that plaintiff's Sixth Amended Complaint, ECF No. 29, be DISMISSED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    April 9, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE